(35 Misc. Rep. 341.)

## GLASER v. SEITZ et al.

(Supreme Court, Trial Term, New York County. June, 1901.)

NEGLIGENCE—EXPLOSION OF SELTZER SIPHON.

Where plaintiff purchased a siphon of seltzer water manufactured by a third party, and filled in the usual manner, he cannot recover of the vender for injuries received from an explosion of such siphon, where there is no other evidence of negligence on the part of the vender than the explosion itself.

Action by Caroline Glaser against William E. Seitz and others to recover for injuries by explosion of a siphon of seltzer water. Complaint dismissed.

Black, Olcott, Gruber & Bonynge, for plaintiff.
Hayman & Rosenthal, for defendants.

McADAM, J. Siphons of seltzer water, like the one that exploded, are in common use, and have been manufactured and sold in this

city and elsewhere for many years. They are certainly in as common use as steam boilers and gas, and an explosion of a steam boiler or of gas does not necessarily create an inference of negligence sufficient to fix liability on the defendant. The plaintiff even in such cases must go further, and prove affirmatively the existence of some defect in construction or condition of the thing which contains the gas or steam, of which the defendant was cognizant, or which he ought to have known by the exercise of proper care in the premises. There is no evidence in this case that the bottle, which was not manufactured, but filled, by the defendant, was not properly constructed, or that it was constructed differently from bottles in which seltzer water is usually sold. Nor is there any evidence that the manner of putting the water in was different from the method in common use, or that the character of the liquid was different from that usually put into such bottles. Gunpowder, dynamite, turpentine, gas, fireworks, and many other explosives are used in the community as merchandise necessary in proper places and for certain purposes; and no one can contend that the sale of these commodities constitutes negligence on the part of the vender, when the articles are sold by their proper name, indicating their character. There are cases in the books where articles have been sold as apparently harmless, and have turned out to be dangerous and inflicted damage, and the vender has in consequence been held liable. For example, where naphtha, which is of an explosive character, was sold for oil, and injury resulted. There the defendant was held liable for the deceit. There is no pretense in this case that the siphon of seltzer water sold was misnamed, or that any deceit was practiced on the plaintiff. Indeed, it was an ordinary, well-known article of merchandise, sold in large quantities every day. It is common knowledge that bottles containing seltzer or vichy water or champagne or ginger ale or cider will sometimes explode, and that barrels containing cider may explode. But it does not necessarily follow that the vender of these commodities in such bottles or barrels is liable for the explosion, in the absence of misconduct on his part, which misconduct must be affirmatively proved. For want of such proof, the complaint must be dismissed.

Complaint dismissed.