# McSorley, Appellant, *v.* Katz.

*Negligence—Can of molasses—Opening can—Warranty.*

A grocer who sells to a customer, as an article of merchandise, a can of molasses, without any knowledge or reason to suspect that it was any other than indicated by the manufacturer's label on the can, and states to the customer that the molasses was perfectly safe and all right, is not liable for an injury to the face of the customer sustained while prying open the can, and alleged to have been caused by something like a shot being thrown out from the can, if there is no evidence that the molasses was fermented, or that it was not perfectly safe and all right.

Argued Oct. 24, 1912. Appeal, No. 157, Oct. T., 1912, by plaintiff, from order of C. P. No. 2, Phila. Co., March Term, 1906, No. 1,204, entering judgment for defendant n. o. v. in case of Susan McSorley v. J. Joseph Katz. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit on a warranty. Before STAPLES, P. J., specially presiding.

The facts are stated in the opinion of the Superior Court.

*E. B. Seymour, Jr.,* for appellant.—The plaintiff's contention is that in respect to articles of food there is a well-known and firmly settled distinction as to implied warranty: McNaughton v. Joy, 1 W. N. C. 470; Longmeid v. Holliday, 6 Exch. 761; Weiss v. Swift & Co., 36 Pa. Superior Ct. 376.

The contention is that since the opening of the can was essential to the use of the molasses, and since by its explosion the molasses not only showed itself to be unfit for use (since it must necessarily have fermented) but was by that very fact, viz., its unusability because of its exploding condition, that plaintiff is entitled to recover.

*Elton J. Buckley,* for appellee.—The admitted conditions of sale do not import either express or implied

warranty under the common law: McFarland v. Newman, 9 Watts, 55; Wetherill v. Neilson, 20 Pa. 448; Broderick v. McHenry, 1 W. N. C. 446; Jackson v. Wetherill, 7 S. & R. 480; Fraley v. Bispham, 10 Pa. 320; Krauskopf v. Pennypack Yarn Finishing Co., 26 Pa. Superior Ct. 506.

If there was a warranty and same was violated, no damages can be collected for the injury charged, because it was not within the contemplation of the parties when the contract was made that damages could arise from such a cause and explosion was not a natural or probable occurrence. At least there is no evidence to that effect: Billmeyer v. Wagner, 91 Pa. 92; Birdsinger v. Harvesting Machine Co., 183 N. Y. 487 (76 N. E. Repr. 611); Sloggy v. Creamery Co., 72 Minn. 316 (75 N. W. Repr. 225); Hadley v. Baxendale, 9 Exch. 341 (leading English case); Griffin v. Colver, 16 N. Y. 489; Case v. Stevens, 137 Mass. 551.

OPINION BY ORLADY, J., March 6, 1913:

This action of assumpsit was brought to recover damages for injuries sustained by the plaintiff in consequence of an accident which she describes as follows: Katz was the proprietor of a grocery, to which the plaintiff went on September 2, 1905, to purchase a pint of molasses. Katz stated that he did not have it loose, but he had it in cans, which the plaintiff agreed would do, and it was furnished to her in the usual course of purchase of such articles. It was in a closed tin can, but was not sealed by any added substance. The top, or crown, was firmed in by pressure into a place, like a ground joint, for its reception. The label on the can stated, "This is a sanitary sealed can, thereby insuring absolutely pure food; compound 75 per cent pure open kettle molasses, into which 25 per cent pure grape sugar has been dissolved, then thoroughly refined. The molasses in this can being in a condensed form, will not ferment. For baking purposes less is required than ordinary molasses. None genuine without our signature. M. H. Alexander Company, New Orleans."

When the can was submitted to the purchaser, she inquired, "Is this molasses all right?" and the grocer replied, "Oh yes, it's perfectly safe and all right." He was then asked how it was opened, and replied, "you will have to lift the lid out." She paid the price, ten cents, and on arriving at home put a paring knife under the lid to pry it off, when as she states, "the lid of the can was thrown off and something was thrown out like the shot of a gun and struck me full force in my left eye, my spectacles were broken and fell on the floor and quite a lot of this broken glass ran into my eye." Medical attention was promptly rendered and the can was set aside in the shed where the accident happened and remained there until March 25, 1906, when it was delivered to her counsel.

The plaintiff states that neither the molasses nor the lid of the can struck her eye. There was no diminution of the contents of the can by the explosion; there was no examination made of its contents; there was no evidence of its being deleterious or unfit for food, or that it was fermented at the time of the accident. Whether the cap or top of the can when being suddenly relieved, by the pressure of the knife under the rim or edge from its firmed in place in the conformed shape, caused it to spring free by the release of pressure, was the cause of the explosion, as she calls it, is not definitely known, but it is just as probable as the theory suggested by the plaintiff. It was not the happening of an accident with the means of prevention under control of the defendant, but under the evidence it was due to a latent unsuspected cause, in the handling of a trade article, and as capable of inspection and examination by one party as the other. When the plaintiff rested her case, the defendant moved for a nonsuit, which was denied, and after further testimony the case was submitted to the jury, resulting in a verdict in plaintiff's favor for $75.00, which verdict was set aside and judgment entered for the defendant by the court on a motion for judgment non obstante veredicto, and the plaintiff brings this appeal.

It is conceded that the defendant simply handled the can of molasses as an article of merchandise, and had no knowledge or reason to suspect that it was any other than indicated by the manufacturer's lable on the can.

This action is founded on the theory that the defendant by stating that the molasses was perfectly safe and all right, warranted the character and quality of the contents of the can.    Whether this be so or not is not material here, as there is not a shred of evidence in this record to challenge that statement, "the molasses is all right and perfectly safe," and the motion for nonsuit should have been allowed.    We held in Strawbridge v. Hawthorne, 47 Pa. Superior Ct. 647, in determining the correctness of the judgment n. o. v., under the Act of April 22, 1905, P. L. 286, the test is whether binding instructions for the defendant would have been proper at the close of the trial.

In the testimony adduced by the defendant nothing was added to support the plaintiff's contention, and the point submitted by the defendant "under all the evidence in the case, your verdict must be for the defendant" should have been affirmed and binding instructions given.

This being the only assignment of error, it is overruled and the judgment is affirmed.