ALICE LICARI, Respondent, *v.* SPYROS C. MARKOTOS, etc., Appellant.

(Supreme Court, Appellate Term, First Department, February, 1920.)

Negligence — evidence — when plaintiff must show defect in bottle or in contents making same probably dangerous.

> Plaintiff purchased at a department store a bottle of a preparation used for cleaning and dyeing straw hats, and while holding it in her hand the bottle broke and the liquid, which was not inherently dangerous, was splashed in all directions, injuring her eyes, hair and clothing and destroying certain household effects.   In an action against the manufacturer who had sold the preparation to the store, brought on the theory of negligence, there was no proof that the bottle was peculiarly defective in construction or that it was cracked, broken or improperly filled, nor was there evidence of any prior accident resulting from the handling or use of the preparation which was sold in large quantities daily.   Upon reversing a judgment in favor of plaintiff and dismissing the complaint, *held*, that it was incumbent upon the plaintiff to show that there was a defect in the bottle or in the preparation or condition of the contents which would render the bottle probably dangerous.

> Plaintiff was also bound to show that an examination or inspection of the bottle by defendant would have disclosed any defect, and that in the absence of such proof, there was no foundation upon which to predicate any finding of negligence on defendant's part.

APPEAL from judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, in plaintiff's favor, after trial by the court without a jury.

Richard J. Donovan, for appellant.

Oshrin & Goodman (D. S. Elgot, of counsel), for respondent.

WAGNER, J. The plaintiff purchased from a department store a package containing a bottle of " Pana Straw La," a preparation used for the cleaning and dyeing of straw hats, manufactured and sold to the store by the defendant. Upon arriving at home, she unwrapped the package and read the directions as to its use. Holding it in her hand, and before removing the cork, she suddenly heard a sound, the bottle broke, and the liquid splashed in all directions, injuring her eyes, hair and clothing, and destroying certain household effects. The buyer of the store testified that she bought the articles from the defendant, and placed them on the counters for sale in the same condition as received, and on some occasions customers had taken the bottles from the unsealed packages in which they were contained, but she had never seen one uncorked by them in the store. Those not sold in one season were kept over to the next for sale. The plaintiff produced the remains of the bottle with the cork unfastened on the trial, stating the cork had never been touched by her.

The defendant identified the bottle as his and fixed the time at which it had been filled, about a year prior to plaintiff's purchase, by the fact that this particular bottle was one of a lot of 200 or 300 gross then purchased by him from a certain manufacturer and unlike the usual style he employed. He testified that he conducted an extensive business in this article selling thousands of gross, in fact, as high as $25,000 worth a year to one purchaser, and had never had any complaints made regarding incidents of a similar character to that related by plaintiff. Some time before the trial, the defendant submitted to a consulting and analytical chemist a dozen bottles similar to the one plaintiff bought and containing fluid manufactured at the very time, which he happened to have left in his factory. The chemist, whose qualifications were admitted by plaintiff's counsel, testified that upon analysis, he found the ingredients to be denatured alcohol, shellac and aniline coloring matter, and which neither separately nor in combination could possibly cause an explosion. This mixture he had made during a period of thirty years, at times in quantities of 500 gallons. The action was tried on the theory of negligence, and from a judgment in plaintiff's favor, the defendant appeals.

If the bottle exploded as plaintiff relates, it is manifest that the cause of the explosion does not definitely appear. There is no proof that this particular bottle was in any way peculiarly defective in construction, nor that it was cracked, broken, or improperly filled. Evidence is entirely lacking of any deteriorative or chemical change of the contents at the time of the alleged explosion from its character when manufactured, by reason of temperature or any manner in which it was kept, or that the defendant knew or should have known that any deterioration would take

place. It was an ordinary, apparently well-known article of merchandise, sold in large quantities daily, and the record is silent of any proof as to a single prior accident resulting from either its handling or use. Moreover, the expert testimony clearly demonstrated that the fluid was composed of chemicals nonexplosive, separate or when mixed, so that no claim can be advanced that the defendant was cognizant or should have been that the article he placed upon the open market was inherently dangerous, distinguishing the instant case from *Statler* v. *Ray Mfg. Co.,* 195 N. Y. 480; *Torgesen* v. *Schultz,* 192 id. 156; *Nolan* v. *Fach,* 178 App. Div. 115, and like authorities.

We hold that the plaintiff in failing to affirmatively show the existence of some defect in preparation, construction or condition of this article which the defendant knew or should, in the exercise of reasonable care, have known, would render the bottle " not merely possibly, but probably dangerous," as Cardozo, J., points out in *MacPherson* v. *Buick Motor Co.,* 217 N. Y. 382, has failed in her proof. To fasten liability upon this defendant, it was incumbent upon her to show what the defendant's lack of care and omission under the circumstances was; in other words, both that it was a defect and how it might and ought to have been discovered by him. Nor is there any force in respondent's contention strenuously urged upon this appeal that the defendant failed in his duty to inspect the bottles before filling them, this for the reason that there is no proof that any examination or inspection would have found the existence of any defect. If such had been the case, it was the plaintiff's duty to give evidence thereof. *Bruckel* v. *Milhau's Son,* 116 App. Div. 836. In the absence of such evidence, the learned trial justice had no foundation upon which to predicate any finding of negligence on

22

Appellate Term, First Department, February, 1920.   [Vol. 110.

defendant's part, and a judgment for plaintiff could be based on none other than speculation and pure guess work.

Judgment reversed and complaint dismissed, with thirty dollars costs in this court and costs in the court below.

GUY and BIJUR, JJ., concur.

Judgment reversed, with thirty dollars costs.