## Coralnick, Appellant, *v.* Abbotts Dairies, Inc.

Argued January 10, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN and PATTERSON, JJ.

*Herman Moskowitz,* with him *Abraham Hofferman,* for appellant.

*Charles E. Kenworthey,* for appellee, was not heard.

PER CURIAM, February 1, 1940:

This is an action to recover damages for personal injuries. The plaintiff, a grocer, sold milk produced by defendant. Shortly before the accident defendant's driver delivered a case of bottled milk in a partitioned box. While plaintiff was removing a bottle from the container to place it in his refrigerator, the bottle broke cutting his hand. No proof was attempted to show what caused the bottle to break. The defendant did not manufacture the bottle nor warrant that it was free from defects. The limit of its duty was to provide against defects discernible upon reasonable inspection and to handle the bottles with reasonable care. There is not anything to show it failed of its duty in these respects. We cannot conjecture that it may have done so. The mere happening of the accident did not establish negligence, and that only was shown. The proof offered by plaintiff clearly failed to support the burden imposed upon him. As was said by the learned court below: "Under the evidence the only reasonable inference that can be deduced is that the accident was due to a latent unsuspected defect: *McSorley v. Katz,* 53 Pa. Superior Ct. 243."

There being causes apparent, other than those within defendant's control, to which the accident might with equal fairness be attributed, the doctrine of res ipsa loquitur does not apply: *Norris v. Philadelphia Electric Company,* 334 Pa. 161. The direction of a verdict for defendant was necessary.

Judgment affirmed.