MARY C. HEALEY ET AL., PLAINTIFFS-RESPONDENTS, v. PATRICK TRODD, DEFENDANT, AND C. F. MUELLER COMPANY, A CORPORATION, ETC., AND CONTINENTAL CAN COMPANY, INC., A CORPORATION, ETC., DEFENDANTS-APPELLANTS.

Argued October 18, 1939—Decided January 25, 1940.

For the appellant Continental Can Company, Inc., *Millon, McNulty & Augelli.*

For the appellant C. F. Mueller Company, *Burnett & Trelease.*

For the respondents, *William T. Cahill, Edward A. Markley, James B. Emory* and *Alfred B. Van Houten.*

The opinion of the court was delivered by

DONGES, J. Appellants bring up for review the judgment of the Supreme Court affirming a judgment of the Hudson County Court of Common Pleas entered, after a jury verdict, in favor of plaintiffs-respondents and against both defendants-appellants.

The facts are stated at length in the opinion of the Supreme Court, reported at 122 *N. J. L.* 603, and need not be repeated here.

The Mueller Company urges that the doctrine of *res ipsa loquitur* was not applicable to it and that it was error for the trial court to charge as it did. We conclude that the Supreme Court was correct in its conclusions in this regard, and that the judgment as to the C. F. Mueller Company, a corporation of the State of New Jersey, should be affirmed.

Appellant Continental Can Company argues several points. The first is that it was error to refuse a nonsuit or directed verdict in its favor. It is said that the Can Company owed no duty to the plaintiff, but it seems clear that it owed the duty to use reasonable care in the manufacture of the can. What does this duty impose upon appellant in this case? If the can had a jagged edge which cut plaintiff, or, if it had broken in her hand under ordinary handling, it might be said that negligence had been shown in manufacture, that is, neglect in the duty owed the ultimate purchaser, because it must be assumed that defendant would know the can should be safe for such handling. The testimony leaves no doubt that the can was adequate as a container of the product to be placed therein, under ordinary handling. Indeed, there is no testimony to the contrary. The testimony is that the can

did not resist the unusual pressure to which it was subjected when heated, due, plaintiff's expert said, to improper filling. There is nothing in the testimony to connect the Can Company with the practice of heating cans unopened—a practice which admittedly produced pressure within the can. The directions in this regard were printed upon the Mueller Company's label and were placed upon the can by that defendant. There is nothing to show that the Can Company approved this practice, or agreed, to make a can that would withstand such use, or, in fact, that it knew of it. Plaintiff's expert testified that in his opinion the pressure within the can when it burst was at least forty pounds to the square inch, and there is no testimony which would justify a finding that there was any duty on the Can Company to manufacture a can that would withstand a pressure in excess of that figure. It certainly cannot be charged with constructive or actual knowledge that a can made for the packing of spaghetti would be subjected to such pressure.

It would appear, therefore, that the Can Company has not been shown to have failed in its duty to exercise reasonable care to produce a can fit and safe for ordinary use. The burden was upon plaintiffs to establish a failure in this regard. The trial court tried the case upon the theory that *res ipsa loquitur* did not apply to the Can Company, under the proofs, and the Supreme Court adopted that view, with which view we agree. We conclude, therefore, that the plaintiffs did not establish that the Can Company failed in its duty to exercise reasonable care to turn out a can safe and fit for ordinary packing.

The Can Company also complains of the following supplement to the judge's charge:

"Gentlemen of the jury, I have called you back to clarify a part of my charge, that part in which I referred to the fact that so far as the Mueller Company is concerned, the explosion of the can itself, in the absence of an explanation by the defendant, affords *prima facie* evidence that there was want of due care.

"Now, whether it amounts to proof of the lack of due care is for you to say, even in the absence of an explanation by

the defendant. You have the right to draw an inference of negligence on the part of one or both defendants, but the drawing of such inference is peculiarly and solely yours, and even where there is an explanation of the occurrence it is for you to decide whether or not you will draw any inference from the facts as you determine them. You may or may not draw inferences just as seems proper to you.

"With that amendment you will be excused."

After the jury retired, the following colloquy occurred: "Mr. Augelli: I would like to take an exception to the supplemental charge——— The court: It is directed only to the C. F. Mueller Company. Mr. Augelli: Then I have no interest in it."

Now, by the language of this charge it did apply to both defendants. The court was talking about the doctrine of *res ipsa loquitur* and no other element of proof of negligence. And he said, "You have the right to draw an inference of negligence on the part of one or both defendants. * * *" Thus he clearly applied it to both defendants including the Can Company. Of course, in the main charge he carefully told the jury that this doctrine applied only to the Mueller Company, but it seems clear that the jury might have been misled. They might have thought the court called them back with the express purpose of telling them it applied to both defendants. This is not one of those cases where a mere slip in one part of the charge can be said not to take away the effect of the charge as a whole. This part was disconnected and was delivered after the jury had retired and had been called back to the court room. We think it was harmful and it is practically conceded that it was error, if applied to the Can Company.

The Supreme Court held the exception was insufficient, but we think it is not. Counsel understood that the court had said the doctrine of *res ipsa loquitur* applied to his client and asked an exception. The court assured him, out of the presence of the jury, that the charge had not dealt with his client at all, so he naturally deferred and said, "Then I have no interest in it." He did not waive any right, he merely said "then," meaning "if," his client was not affected, he

had no interest. The converse would seem to follow, namely, that if his client was affected he would be interested. In view of the situation, we think the exception was sufficient. It was not unconditionally waived or withdrawn. Counsel thought the court said a certain thing, but the court thought otherwise. The printed words were not available. Recourse might have been had to the stenographer to read what had been said, but we think there was no obligation to do this when an exception had been requested and the court, of its own motion, undertook to say that the Can Company had not been mentioned.

The judgment of the Supreme Court is affirmed as to C. F. Mueller Company, and reversed as to Continental Can Company, Inc., and a *venire de novo* awarded as to it.

On appeal of C. F. Mueller Co.—

*For affirmance*—THE CHANCELLOR, TRENCHARD, CASE, DONGES, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 12.

*For reversal*—None.

On appeal of Continental Can Co., Inc.—

*For affirmance*—TRENCHARD, PERSKIE, HETFIELD, DEAR, WOLFSKEIL, JJ. 5.

*For reversal*—THE CHANCELLOR, CASE, DONGES, PORTER, WELLS, RAFFERTY, HAGUE, JJ. 7.