ELSIE MacPHERSON AND NORMAN MacPHERSON, PLAIN-TIFFS-RESPONDENTS, v. CANADA DRY GINGER ALE, INCORPORATED, A CORPORATION, DEFENDANT-AP-PELLANT.

Submitted October 6, 1942—Decided January 29, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the defendant-appellant, *Townsend & Doyle* and *Cyril J. Galvin.*

For the plaintiff-respondent, *Elias G. Willman.*

BODINE, J. The plaintiff had judgment and the defendant appeals. Mrs. MacPherson was employed in a confectionery store in which the defendant's product was sold. A six ounce bottle of Canada Dry ginger ale burst cutting her hand. Her duties were to clean the cooler and refill with bottles and ice. This she had done on the morning of the accident. When about to put other bottles in place, she lifted the lid and a bottle placed there in the morning exploded.

The defendant's proofs were to the effect that due care was observed in the testing of the tensile strength of all bottles in which its product was bottled for sale.

The case of *Taylor* v. *Berner, 7 N. J. Mis. R.* 597; *affirmed,* 106 *N. J. L.* 469, was relied upon in support of the judgment. In that case, the proofs showed that the vichy bottle, which exploded, was one contained in a case delivered that morning and placed in the kitchen, where the plaintiff worked, by the defendant's employee. When the plaintiff went to pick out a bottle it exploded in her hand. Nothing had transpired which could in any way have disturbed the condition which existed when the producer made delivery.

Although the proofs in the present case show that the defendant made delivery of the bottle which exploded and placed it in the storage room, there is no proof as to when delivery was made of the offending bottle. Purchases had been made as required during the season. The testimony, however, showed that due care had been used at all times and that none but the proprietor of the business and the employee had access to the storage room after delivery of the product. The case was one of fact. The trier·of the facts was at liberty to accept the testimony of due care in subsequent handling and rest a verdict thereon.

The proofs brought the case within the rule of *Taylor* v. *Berner, supra,* and do not show the long period of handling and rehandling which happened in the case of *Dunn* v. *Hoffman Beverage Co., 126 N. J. L.* 556.

The judgment is affirmed, with costs.