[L. A. No. 18637. In Bank. Aug. 3, 1943.]

ELDORA HONEA, a Minor, etc., et al., Respondents, v. CITY DAIRY, INC. (a Corporation), Appellant.

Harry E. Sackett for Appellant.

Earle M. Daniels and Julius V. Patrosso as Amici Curiae on behalf of Appellant.

C. V. Caldwell for Respondents.

GIBSON, C. J.—Eldora Honea, the principal plaintiff herein, a fourteen-year-old pupil at a junior high school,

was sent by her teacher to the defendant dairy to buy three quarts of chocolate milk. Defendant's attendant took three bottles of milk, bottled by defendant, from the icebox and placed them on the counter unwrapped. Plaintiff picked them up and carried them to the school, a distance of about one block. As she entered the building one of the bottles broke in her hand, injuring her. She brought this action for damages, alleging negligence by defendant in supplying a defective bottle and in failing to wrap the bottles.

At the trial, held by the court without a jury, plaintiff testified that she carried one bottle under her left arm and one in each hand, that the bottles were not touching at any time and that the bottle in her right hand "just broke." The school janitor, called as a witness for plaintiff, testified that when he spoke to plaintiff as she entered the building, she pulled her arms in toward her breast and "clinked" the bottles. He also said that he had cleaned up the pieces of glass and still had them but that he had not brought them to court because no one had ordered him to do so. Plaintiff offered no other evidence of negligence. Defendant produced a former employee who said he had operated the defendant's bottling machine and had inspected all bottles, including those delivered to plaintiff, for dirt, cracks, and chips, removing those that were chipped or cracked. In his opinion as an expert the pressure exerted by plaintiff while carrying the bottles was insufficient to break them, but the bottles might have been broken if struck together. The trial court found that defendant was negligent both in delivering a defective bottle and in failing to wrap the bottles. Defendant has appealed from the judgment for plaintiff, contending that the evidence is insufficient to support the findings.

As plaintiff has made no attempt to prove specific facts tending to show either that the bottle was defective or that defendant was negligent in delivering it in a defective condition, she may not recover upon this theory unless, under the doctrine of res ipsa loquitur, inferences of both defective condition and negligence may be drawn from the mere breaking of the bottle. This doctrine, as we said in *Hinds* v. *Wheadon,* 19 Cal.2d 458, 461 [121 P.2d 724], may be relied upon to establish a prima facie case of negligence "where a thing [which causes injury] is shown to be under the exclusive management or control of the defendant or his servants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper

care. In such cases an inference arises that the accident resulted from a want of proper care on the part of the defendants." The doctrine does not apply unless the basic requisites of exclusive control and probability of negligence are proved by plaintiff. (See *Gerhart* v. *Southern Cal. Gas. Co.*, 56 Cal.App.2d 425, 431 [132 P.2d 874]; *Langazo* v. *San Joaquin L. & P. Corp.*, 32 Cal.App.2d 678, 695 [90 P.2d 825]; *cf. Parker* v. *James Granger, Inc.*, 4 Cal.2d 668, 674-675 [52 P.2d 226]; *George Foltis, Inc.* v. *City of New York*, 287 N.Y. 108, 115 [38 N.E.2d 455, 459-460].)

■ Accepting as true plaintiff's testimony that the bottle "just broke," we must assume that it was in some manner defective at the time of the accident, for glass milk bottles, unless defective, do not ordinarily break in the absence of applied force or some external factor. Defendant contends, however, that the doctrine of res ipsa loquitur is unavailable to establish that the bottle was defective when delivered to plaintiff, as defendant had lost control over it before the time of the accident and it is urged that the bottle could have been injured or weakened in the intervening period. Numerous authorities have stated that the instrumentality must be under the defendant's control at the time of the injury. (See, for example, 9 Wigmore on Evidence (3rd ed. 1940) 380-382, § 2509; *Gerber* v. *Faber*, 54 Cal.App.2d 674, 683 [129 P.2d 485]; *Doherty* v. *Arcade Hotel* (1943), —— Ore. —— [134 P.2d 118]; *Naumann* v. *Wehle Brewing Co.*, 127 Conn. 44 [15 A.2d 181]; *Slack* v. *Premier-Pabst Corp.* (1939), 40 Del. 97 [5 A.2d 516]; *Wheeler* v. *Laurel Bottling Works*, 111 Miss. 442 [71 So. 743, 745, L.R.A. 1916E, 1074]; *cf. Brooks* v. *Hill-Shaw Co.* (7th C.C.A. 1941), 117 F.2d 682; *Texas Co.* v. *Jamison* (1942), —— Okla. —— [129 P.2d 85].) Other courts have held that it is sufficient if defendant had control at the time of the alleged negligent act, provided plaintiff proves that the condition of the instrumentality causing injury had not been changed after it left the defendant's possession. (See 3 Cooley on Torts (4th ed. 1932) 386, sec. 480; (1937) 6 Fordham L.Rev. 483; *Hotel Dempsey Co.* v. *Teel* (5th C.C.A. 1942), 128 F.2d 673; *Jump* v. *Ensign-Bickford Co.*, 117 Conn. 110, [167 A. 90, 93-94]; *Goldman & Freiman Bottling Co.* v. *Sindell*, 140 Md. 488 [117 A. 866]; *Ortego* v. *Nehi Bottling Works*, 199 La. 599, [6 So.2d 677]; *MacPherson* v. *Canada Dry Ginger Ale Inc.*, 129 N.J.L. 365 [29 A.2d 868]; *Bradley* v. *Conway Springs Bottling Co.*, 154 Kan. 282

618

[118 P.2d 601]; *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 Ga.App. 762 [73 S.E. 1087]; *Stolle* v. *Anheuser-Busch,* 307 Mo. 520 [271 S.W. 497, 39 A.L.R. 1001]; *cf. Dryden* v. *Continental Baking Co.,* 11 Cal.2d 33 [77 P.2d 833].) The reason for the general requirement that defendant have control of the instrumentality at the time of the injury is to exclude the possibility that the accident was caused by an intervening act of the plaintiff or a third party, and this purpose is satisfied if plaintiff shows that there was no intervening cause. Plaintiff has brought herself within the rule by her testimony that the bottles were not touching at any time when she had them. It would follow, therefore, that the broken bottle was in some manner *defective* when delivered by defendant.

It must next be determined whether the breaking of the bottle is alone sufficient, under the doctrine of res ipsa loquitur, to permit the additional and necessary inference of *negligence* by defendant, either in causing the defective condition or in failing to discover it by proper inspection. We, of course, do not know the nature of the defect. From the evidence it is clear that no examination was ever made of the broken bottle and we therefore do not know whether such examination would have revealed the flaw. The pieces of glass were picked up by the school janitor after the accident and retained by him. Although it does not affirmatively appear that either party knew that the janitor had possession of the broken pieces until he so testified, they were available to plaintiff at the time of the trial. The bottle was broken at the neck or just below and the neck was in one piece. An examination of the pieces might have revealed the flaw or served to eliminate possible causes of the accident. (See *Stewart* v. *Crystal Coca-Cola Bottling Co.,* 50 Ariz. 60 [68 P.2d 952, 955]; *Smith* v. *Peerless Glass Co.,* 259 N.Y. 292 [181 N.E. 576]; *cf. Burnham* v. *Lincoln,* 225 Mass. 408 [114 N.E. 715]; *Gerber* v. *Faber, supra,* 54 Cal.App.2d at pp. 680, 682, 686.)

The mere breaking of the bottle alone cannot give rise to an inference that defendant was negligent in *failing to discover* the defect. While the dairy may have had a duty to make an examination of all bottles, whether newly purchased or returned by prior customers, it is not responsible for defects that cannot be found by a reasonable, practicable inspection. (*Sheward* v. *Virtue,* 20 Cal.2d 410, 414 [126 P.2d 345]; *O'Rourke* v. *Day and Night Water Heater Co.,* 31 Cal. App.2d 364, 369 [88 P.2d 191]; *Smith* v. *Peerless Glass Co.,*

259 N.Y. 292 [181 N.E. 576].) In the present case there is no evidence that a feasible means of discovering the defect or flaw was available to this defendant. The language of the court in *Loebig's Guardian* v. *Coca-Cola Bottling Co.,* 259 Ky. 124 [81 S.W.2d 910], is particularly appropriate. In holding that res ipsa loquitur was not applicable to the explosion of a coca-cola bottle, the court said (pp. 911-912): "The defendant was not, under the circumstances, an insurer, and it was not shown that there was any more reasonably practicable method of inspection used in the industry than the method of inspection admittedly adopted by the defendant. Suppose the bottle *was* defective. A conclusion of negligence could not arise without some showing that the defect could have been discovered by the exercise of ordinary care. . . . In the instant case we are still left to conjecture as to the cause of the defect in the bottle and its contents or whether it was such a defect as might have been discovered by a more thorough inspection. Unless we were prepared to hold defendant as an insurer, it is hard to see how else it could be held responsible without some showing that its opportunity to exercise care was in some measure proportionate to the duty imposed—without some showing that a more thorough inspection would have been effective. Plaintiff's experts suggest various methods of testing bottles which might be applied, but it is not shown that these tests are commercially practicable or that they would have disclosed the complained-of defect. . . . We must measure the duty by ordinary standards and by consequences reasonably to be anticipated. Subject to these criteria, it is clear that the proof falls short of raising any inference of negligence."

In *Licari* v. *Markotos,* 110 Misc. 334 [180 N.Y.S. 278], the court held a bottler not liable for injuries caused by breaking of a bottle of a non-explosive cleaning and dyeing preparation, saying (p. 280 [N.Y.S.]): "Nor is there any force in respondent's contention, strenuously urged upon this appeal, that the defendant failed in his duty to inspect the bottles before filling them; this for the reason that there is no proof that any examination or inspection would have found the existence of any defect. If such had been the case, it was the plaintiff's duty to give evidence thereof. *Bruckel* v. *J. Milhau's Son,* 116 App. Div. 836 [102 N.Y.S. 395]. In the absence of such evidence, the learned trial justice had no foundation upon which to predicate any finding of negligence

on defendant's part, and a judgment for plaintiff could be based on none other than speculation and pure guesswork." In the Bruckel case the court said (102 N.Y.S. 398) : "There is no proof that inspection or examination of the bottle would have made its defect known to the most careful vendor or even to an expert in his employ. It does not appear that either one or the other could have ascertained the defect by any test short of those made by the expert witness of the plaintiff. If the fact were otherwise, it was the duty of the plaintiff to give evidence thereof; and in the absence of all evidence the jury cannot grope in speculation for a test or assume that there was one."

In the Peerless Glass Co. case, *supra,* the court, in affirming a judgment against a manufacturer but reversing that against a bottler, relied upon expert testimony as to the existence of practicable and customary tests which the respective defendants could or should have employed in the exercise of due care. ▆ In a case such as this, where the court cannot take judicial notice of the technical practices and information available to the bottling industry for discovering defective bottles, there must be some evidence thereof, in the absence of which the trier of fact is not justified in concluding that all defects in bottles will ordinarily be found by a bottler if he exercises due care.

Nor can the court take judicial notice that glass bottles are not ordinarily damaged or that defects will not ordinarily occur unless the bottler is negligent, for the subject is not a matter of common knowledge. Many of the courts have received expert testimony to determine the possible or probable causes of bottle-breakage. (See, for example, *Gerber* v. *Faber, supra,* 54 Cal.App.2d 680-683; *Smith* v. *Peerless Glass Co., supra; Burnham* v. *Lincoln,* 225 Mass. 408 [114 N.E. 715] ; *Loebig's Guardian* v. *Coca-Cola Bottling Co.,* 259 Ky. 124 [81 S.W.2d 910] ; *Dunn* v. *Hoffman Beverage Co.,* 126 N.J.L. 556 [20 A.2d 352, 353].) An analogy may be found in *Judson* v. *Giant Powder Co.,* 107 Cal. 549, 561 [40 P. 1020, 48 Am.St.Rep. 146, 20 L.R.A. 718], where this court held relevant and material expert evidence that dynamite would not explode if the correct process of manufacturing and handling were carefully carried out. While it may often be a matter of common knowledge that certain articles or substances are not ordinarily rendered defective in the absence of negligence, we cannot say that this is true of glass containers. It has been held that because of the physical characteristics

of glass an inference of negligence cannot be drawn from breaking alone. (*Slack* v. *Premier-Pabst Corp.* (1939), 40 Del. 97 [5 A.2d 516, 519] ; *cf. Wheeler* v. *Laurel Bottling Works*, 111 Miss. 442 [71 So. 743, L.R.A. 1916 E 1074] ; *Stewart* v. *Crystal Coca-Cola Bottling Co., supra.*) The reason for this conclusion is indicated in *Piehl* v. *Albany Ry.*, 30 App.Div. 166 [51 N.Y.S. 755], affirmed 162 N.Y. 617 [57 N.E. 1122], where the court, holding that no inference of negligence arose from the bursting of a flywheel, said (pp. 757-758) : ". . . such is the nature of steam and electricity, and of the engines by or upon which they operate, that, when such an explosion as this occurs, our experience, or even expert experience, is not sufficiently uniform to justify us in presuming that negligence is the cause. The explosion does not, in fact, speak for itself and tell us its cause." (*Cf. Brymer* v. *Southern Pac. Co.*, 90 Cal. 496 [27 P. 371]—breaking of chain.) In the absence of appropriate evidence, therefore, it cannot be held that defects in glass bottles are ordinarily caused by the negligence of the bottler. It should be noted that the probabilities of negligence on the part of the defendant in this case are greatly reduced by the fact that the defect in the bottle might well have been caused either by the manufacturer or by some third person.

Other courts have held that the doctrine of res ipsa loquitur is not applicable to the breaking of glass vessels containing non-carbonated liquids. Directly in point is *Coralnick* v. *Abbotts Dairies*, 337 Pa. 344 [11 A.2d 143], the court stating: "The plaintiff, a grocer, sold milk produced by defendant. Shortly before the accident defendant's driver delivered a case of bottled milk in a partitioned box. While plaintiff was removing a bottle from the container to place it in his refrigerator, the bottle broke cutting his hand. No proof was attempted to show what caused the bottle to break. The defendant did not manufacture the bottle nor warrant that it was free from defects. The limit of its duty was to provide against defects discernible upon reasonable inspection and to handle the bottles with reasonable care. There is not anything to show it failed of its duty in these respects. We cannot conjecture that it may have done so. The mere happening of the accident did not establish negligence, and that only was shown. The proof offered by plaintiff clearly failed to support the burden imposed upon him. As was said by the learned court below: 'Under the evidence the only reason-

able inference that can be deduced is that the accident was due to a latent unsuspected defect. *McSorley* v. *Katz,* 53 Pa. Super. 243.' There being causes apparent, other than those within defendant's control, to which the accident might with equal fairness be attributed, the doctrine of res ipsa loquitur does not apply. *Norris* v. *Philadelphia Electric Co.,* 334 Pa. 161 [5 A.2d 114]. The direction of a verdict for defendant was necessary.''

In *Burnham* v. *Lincoln, supra,* it was held that a supplier of spring water was not liable for injuries received by a bottle breaking in a customer's hand, the accident alone not giving rise to an inference of negligence. (*Cf. Simons* v. *Sun Ray Water Co.,* 162 N.Y.S. 968.) Further, it has been stated broadly that the ''decided weight of authority'' is that res ipsa loquitur does not apply to the breaking or exploding of a container in which an ordinarily harmless commodity is sold. (See 22 Am.Jur. 214-215; 4 A.L.R. 1094.)

We need not determine at this time whether the rule applies to the explosion of a bottle of carbonated liquid, although a large number of courts have refused to permit an inference of negligence in such cases. (*Gerber* v. *Faber, supra; Stewart* v. *Crystal Coca-Cola Bottling Co., supra; Loebig's Guardian* v. *Coca-Cola Bottling Co., supra; Glaser* v. *Seitz,* 35 Misc. Rep. 341 [71 N.Y.S. 942]; *cf. Berkens* v. *Denver Coca-Cola Bottling Co.,* 109 Colo. 140 [122 P.2d 884]; *Ruffin* v. *Coca-Cola Bottling Co.,* 311 Mass. 514 [42 N.E.2d 259]; *Slack* v. *Premier-Pabst Corp., supra; Wheeler* v. *Laurel Bottling Works, supra.*) Some courts reject the inference in the absence of evidence of other instances of explosions. (See *Dail* v. *Taylor,* 151 N.C. 284 [66 S.E. 135, 28 L.R.A.N.S. 949]; *Ashkenazi* v. *Nehi Bottling Co.,* 217 N.C. 552 [8 S.E.2d 818]; *Coca-Cola Bottling Works* v. *Shelton,* 214 Ky. 118 [282 S.W. 778].) Other jurisdictions have permitted recovery under the doctrine where injuries have resulted from exploding bottles of carbonated beverages. (*Payne* v. *Rome Coca-Cola Bottling Co.,* 10 Ga.App. 762 [73 S.E. 1087]; *Bradley* v. *Conway Springs Bottling Co.,* 154 Kan. 282 [118 P.2d 601]; *Ortego* v. *Nehi Bottling Works,* 199 La. 599 [6 So.2d 677]; *Stolle* v. *Anheuser-Busch,* 307 Mo. 520 [271 S.W. 497, 39 A.L.R. 1001]; *MacPherson* v. *Canada Dry Ginger Ale, Inc.,* 129 N.J.L. 365 [29 A.2d 868].)

Plaintiff contends, finally, that the defendant was negligent in delivering the bottles without packaging or wrapping them. No evidence was offered tending to show either that

due care required wrapping or that failure to wrap caused the bottle to break or that wrapping would have prevented either the breaking of the bottle or the injury to plaintiff. It is not claimed that plaintiff was of such tender age that any special precautions were necessary. An analysis of the argument in support of this point indicates that plaintiff's contention is that defendant was negligent in delivering a *defective* bottle without wrapping it. This is answered by our conclusion that there is no basis for an inference that defendant knew or should have known that the bottle was defective.

The judgment is reversed.

Shenk, J., Curtis, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I dissent. The facts in this case are clear. Plaintiff purchased milk from a dairy which bottled and sold it. The bottle broke in her hand without any act or omission on her part that could have been the cause of it. The doctrine of res ipsa loquitur is clearly applicable to such a case.

The majority opinion concedes the factors necessary for the application of that rule. First, that the control of the defendant must be present when the alleged negligent act occurs, but need not be present when the injury occurs. Second, that "glass milk bottles, unless defective, do not ordinarily break." Third, that the dairy was under a duty to inspect the bottles for defects. With those requirements satisfied there can be no doubt that the doctrine was properly invoked by the trial court. If bottles do not ordinarily break if they are not defective, the inference follows by virtue of the doctrine that they were defective. If they were defective, it was the duty of defendant bottler to inspect the bottles and discover the defect. The failure to do so or the doing of it in a negligent manner may be inferred from the fact that the bottle was defective. Hence, we have the inference that defendant was negligent in either wholly failing to inspect the bottles or in failing to make a reasonable and careful inspection. Defendants' evidence clearly shows that a defect would be discoverable by reasonable inspection. Its employee who had charge of the bottling testified: "THE COURT: You never let one that you could see was chipped or cracked; is that it?

A. I never let any of them go through. Q. That you could see was chipped or cracked? A. *Well, we could see them.* Q. You could see them? A. Oh, sure.'' Once it is established that bottles do not ordinarily break unless defective, a duty to inspect exists, and the bottle breaks, the inference arises that defendant bottler was negligent in failing to inspect or in making an improper inspection. The burden of going forward then shifts to the defendant to convince the trier of fact that he made a proper inspection. If he is successful he prevails in the action; if not, the inference of negligence stands unimpeached and cannot be disregarded by the trier of fact. (See *Druzanich* v. *Criley,* 19 Cal.2d 439 [122 P.2d 53].)

One of the primary policies underlying the doctrine of res ipsa loquitur is that it is made available because the defendant is in a better position than plaintiff to explain how and why the event transpired and that he exercised due care. (19 Cal.Jur. 705-6.) In the instant case the defendant was in such a superior position. It knew whether or not it had made an inspection, and if so the character and extent thereof. It was the bottler of the milk and had control of the bottles and the bottling process. It had the burden of explaining how a defective bottle escaped its inspection, if any. The trier of fact may well have believed that defendant either failed to make any inspection, or was careless in doing so, resulting in a cracked or chipped bottle being delivered to plaintiff.

It is no answer to that reasoning to assert, as does the majority opinion, that plaintiff must show that reasonable inspection would have revealed the defect. The bottle would not have broken except for a defect. The inference follows that it was defective. The defendant being in the superior position as the bottler and handler of the bottles, was required to assume the burden of convincing the trier of fact that it had done all that was required of it to discover that defect, or that a reasonable inspection would not have revealed it. If plaintiff were compelled to make that proof she would deprive herself of the doctrine because she would be proving specific negligence, namely, the particular character of the defect and what must be done to discover it. If plaintiff relies upon specific acts of negligence he cannot avail himself of the doctrine. (19 Cal.Jur. 713.) Res ipsa loquitur is based upon probabilities. This court may from common knowledge assume that the probabilities point to a chip or crack in

the bottles as being the cause of the breaking rather than some other defect. It cannot be doubted that a reasonable inspection would reveal such a defect. Defendant bottler was obligated to proceed with its explanation such as that the bottle was not cracked or chipped, a careful inspection had been made, or the defect was latent and not discoverable by a reasonable inspection. It was a bottler and handler of the bottles and was in a superior position to produce evidence on those subjects.

This court may say as a matter of common knowledge that it is negligence for a bottler to use and distribute defective bottles. No opinion evidence on the part of plaintiff concerning the nature of defects in bottles and their discoverability is necessary. This is plain from the analogy of malpractice cases where ordinarily expert testimony is necessary to establish liability of the physician. But where the act is such as leaving a sponge in a patient following an operation, which clearly would not be done by a prudent person, res ipsa loquitur applies and expert testimony is unnecessary to establish negligent conduct. (*Ales* v. *Ryan,* 8 Cal.2d 82 [64 P.2d 409].)

It has been held that the doctrine applies to breaking of bottles containing pressure generating liquids. (*Bradley* v. *Conway Springs Bottling Co.,* 154 Kan. 282 [118 P.2d 601]; *Ortego* v. *Nehi Bottling Works,* 199 La. 599 [6 So.2d 677]; *Lanza* v. *De Ridder Coca-Cola Bottling Co.,* (La.App.) 3 So.2d 217; *Auzene* v. *Gulf Public Service Co.,* (La.App.) 188 So. 512; *Stolle* v. *Anheuser-Busch,* 307 Mo. 520 [271 S.W. 497, 39 A.L.R. 1001]; *Benkendorfer* v. *Garrett,* (Tex.Civ.App.) 143 S.W.2d 1020; *Macon Coca-Cola Bottling Co.* v. *Crane,* 55 Ga.App. 573 [190 S.E. 879]; *MacPherson* v. *Canada Dry Ginger Ale, Inc.,* 129 N.J.L. 365 [29 A.2d 868]; *Macres* v. *Coca-Cola Bottling Co.,* 290 Mich. 567 [287 N.W. 922]; *Healey* v. *Trodd,* 124 N.J.L. 64 [11 A.2d 88]; affirming 122 N.J.L. 603 [7 A.2d 640]; *Middlesboro Coca-Cola Bottling Works* v. *Campbell,* 179 Va. 693 [20 S.E.2d 479]; *Ashkenazi* v. *Nehi Bottling Co.,* 217 N.C. 552 [8 S.E.2d 818]; *Georgia-Alabama Coca-Cola Bottling Co.* v. *White,* 55 Ga.App. 706 [191 S.E. 265]; *Atlanta Coca-Cola Bottling Co.* v. *Danneman,* 25 Ga. App. 43 [102 S.E. 542].)

In *Meyers* v. *Alexandria Coca-Cola Bottling Co., Ltd.,* (La. App.) 8 So.2d 737, the court, although not expressly discussing the necessity of evidence on the discoverability of defects

in the bottle, in effect holds that the bottler was negligent in not perceiving the defects in the bottle. The court stated at page 739:

"The manager stated that the bottles are inspected twice before they are filled and once after they are filled to determine any defect in the container, or bottle, or any foreign matter that might possibly have been in the bottle. If a bottle is found to be defective in either of the two first inspections and prior to its being filled, it is thrown aside and not used and at the end of the day such bottles are destroyed or broken. This indicates that defects are sometimes found in the bottles. It is reasonable to visualize how a defect in a bottle could escape the notice of the inspector. After the bottles are filled, they are again inspected for defects in the bottle, but principally to ascertain if there are any foreign substances in the contents.

"The defendant's bottler testified that the gas pressure is tested every hour or so to see that the volume of gas is not excessive; that if the volume of gas becomes too great, then the regulator is adjusted and reset; that occasionally a bottle explodes while in the process of being filled or immediately thereafter. He did not testify or seek to explain the cause of these explosions. *As a bottle will not explode unless there are defects in the bottle or unless it has been improperly filled· and charged, it stands to reason that there was negligence in not perceiving the defects in the bottle or in the bottling process.*" (Emphasis added.) Although the majority opinion expressly states that it is not deciding the issue in cases with the above-mentioned factual background, nevertheless such cases holding the doctrine not applicable are cited in support of its conclusion. The opinion thus gives implied sanction to these authorities because the reasoning there employed would defeat recovery in the exploding bottle cases.

Great reliance is placed upon *Licari* v. *Markotos,* 110 Miss. 334 [180 N.Y.S. 278] and *Bruckel* v. *J. Milhau's Son,* 116 App.Div. 836 [102 N.Y.S. 395]. The applicability of res ipsa loquitur or the absence or presence of an inference of negligence as such was neither considered nor discussed by the court in those cases.

The duty of a bottler of milk in regard to containers is established by statute. Section 694, of the Agricultural Code provides in part: "All containers of *any kind* in which *milk* . . . is kept, stored, transported or delivered *shall be sound,* smooth, free from rust or open seams. . . ." (Emphasis added.)

A mandatory duty is placed upon the bottler of milk to use *sound* containers. Certainly a defective bottle is not a sound one. It has been held that the mere failure of a brake on a train to properly function is sufficient to give rise to an inference of inefficiency in violation of a statute requiring efficient brakes, and hence recovery by the injured person. (*Newkirk* v. *Los Angeles Junction Ry. Co.*, 21 Cal.2d 308 [131 P.2d 535].) In the instant case the breaking of the bottle without cause raises an inference that it was not sound. Recovery should therefore follow.