Memorandum by the Court. In our opinion no negligence upon the part of this defendant has been proved. “ A milk bottle is a simple appliance in ordinary use not inherently dangerous ”, and not involving “ the potency of danger ”. (Cullem v. Renken Dairy Co., 247 App. Div. 742; Poplar v. Bourjois, Inc., 272 App. Div. 74, affd. 298 N. Y. 62; Boyd v. American Can Co., 249 App. Div. 644, affd. 274 N. Y. 526; Simons v. Sun Ray Water Co., 162 N. Y. S. 968; Licari v. Markotos, 110 Misc. 334; Honea v. City Dairy, Inc., 22 Cal. 2d 614.) No proof was adduced that the bottle was cracked while in the possession of the appellant dairy company; and no proof was adduced' that the dairy company, in its handling of the milk bottles, omitted to make any inspections or tests that were customarily made or used by bottlers of milk; but, on the contrary, the uncontradicted proof was that appellant in all respects followed the customary practice and procedure of bottlers of milk in its handling of the milk bottles. (Smith v. Peerless Glass Co., 259 N. Y. 292, 297; Bruekel v. Milhau’s Son, 116 App. Div. 832; Coralnick v. Abbotts Dairies, Inc., 337 Pa. 344.) Other findings of fact implicit in the jury’s verdict are affirmed.
In an action to recover damages for injuries sustained by the respondent wife when a milk bottle, from which she was about to pour milk, broke in her hand, judgment in her favor, and in favor of her husband for loss of services, against the appellant dairy company which bottled the milk and sold the bottle of milk to the retailer from whom respondent Sadie Smolen purchased it, reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.