GEORGE STUMPF, PLAINTIFF AND APPELLEE, v. DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD
COMPANY, DEFENDANT AND APPELLANT.

Submitted November 6, 1907—Decided February 24, 1908.

Where, in an action to recover damages for injuries alleged to have
been caused by defendant's negligence, it appears that the in-
juries were occasioned by one of two causes, for one of which
the defendant is responsible, but not for the other, plaintiff must
fail if the evidence does not show that the injury was the result
of the former cause; if, under the testimony, it is just as proba-
ble that it was caused by the one as the other, he cannot recover.

On appeal from the Second District Court of Newark.

Before Justices SWAYZE and TRENCHARD.

For the appellant, *Max M. Stallman.*

For the appellee, *Edward Kenny.*

The opinion of the court was delivered by

TRENCHARD, J.  The plaintiff, George Stumpf, recovered
a judgment in the Second District Court of Newark for per-
sonal injuries sustained by him by being struck on the head
by a piece of coal while sailing a boat on the Passaic river,
near the bridge of the defendant, the Delaware, Lackawanna
and Western Railroad Company.  It was alleged in the state
of demand that the missile which struck the plaintiff was
willfully thrown upon him by the defendant's employes, or
that it was permitted to fall upon him through their negli-
gence.

The proof, as disclosed by the agreed state of the case, was
that the coal came from above while the plaintiff and his com-
panions were about to pass beneath defendant's bridge, and
that it was either thrown or fell from the bridge, or from a
coal car which was a part of a train of the defendant.  Upon

this proof the defendant moved for a nonsuit, on the ground that "no negligence was proven nor any cause of action established by the plaintiff's evidence," which motion was denied. The defendant offered no evidence, and a judgment was rendered for the plaintiff.

We think the denial of the motion for a nonsuit was erroneous.

It will be observed that the only proof in the case is that the plaintiff was struck on the head by a piece of coal. Where it came from is not definitely shown. The testimony is that it came either from the bridge or from a car on the bridge. Whether it was thrown by some person with willful intent, as charged in the demand, or fell from the bridge or from a car through some negligence, as alternatively alleged, is left to speculation.

As the defendant is not liable to respond in damages to the plaintiff for any willful injury inflicted by strangers, or by its employes acting outside of the scope of their duty, the only theory upon which the plaintiff was entitled to recover was that the piece of coal fell from the bridge or from a car through defendant's negligence. No proof having been made of any defect, unusual condition, or of any situation involving negligence in the defendant's bridge or car, the question narrows to this: Does proof that the plaintiff was struck upon the head by a piece of coal while traveling beneath the defendant's bridge raise any presumption that the precipitation of the piece of coal resulted from any negligence of the defendant?

It may be stated as a general principle that the burden rests on the plaintiff to prove that the defendant was negligent, and that such negligence was the proximate cause of the injury. In other words, negligence is not presumed, but must be proved. The difficulty of proving the negligence charged does not affect the principle. 6 *Thomp. Negl.,* § 7695.

One exception to this general and familiar rule is the doctrine or principle known as *res ipsa loquitur,* which is frequently applied to cases involving falling objects, especially parts of a structure falling upon a public highway, but in all

the cases where this principle has been properly applied the proof was clear as to the source of the falling object, and the inference legitimate that the object would have remained in its place if the owner of the premises had performed the duty which he owed to the public of maintaining his premises in such a manner as to prevent injury to those lawfully passing the same. *Kearney* v. *London, &c., Railway Co.,* L. R., 6 Q. B. 759; *Hogan* v. *Manhattan Railway Co.,* 149 N. Y. 23; *Excelsior Electric Co.* v. *Sweet,* 28 Vroom 224.

But in the cases where the source of the falling object or the place from which it came is left in doubt, and other circumstances of its precipitation are simply conjectured, the courts have uniformly refused to hold that the doctrine of *res ipsa loquitur* applied.

In *Searles* v. *Manhattan Railway Co.,* 101 N. Y. 661, the court said:

"There was sufficient evidence to show that the plaintiff's eye was injured by a cinder lodged therein; that the cinder came from a locomotive upon defendant's railway, and that the plaintiff was free from contributory negligence. But there was an utter failure of evidence to show that the accident occurred from any fault, negligence or unskillfulness on the part of the defendant. * * * To maintain his action, therefore, the plaintiff was bound to give evidence legitimately tending to show that the damage to his eye was caused in consequence of some negligence or unskillfulness chargeable to the defendant. * * * The mere proof of the escape of cinders was not sufficient, as the evidence showed that their escape could not be avoided and was inevitable. According to the proof, cinders from one of the defendant's locomotives could come only from the smokestack or ash pan. There is no claim that the defendant is liable for this accident if the cinder came from the smokestack, but the claim is that it came from the ash pan, because it was out of repair. But there was no evidence that the ash pan was out of repair, or that the cinder came from it. When the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible and for

the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must fail also if it is just as probable that they were caused by the one as by the other, as the plaintiff is bound to make out his case by the preponderance of evidence. The jury must not be left to mere conjecture, and a bare possibility that the damage was caused in consequence of the negligence and unskillfulness of the defendant is not sufficient."

See, also, *Taylor* v. *Yonkers,* 105 *N. Y.* 202, 209.

In *Wiedmer* v. *New York Railroad Co.,* 114 *N. Y.* 462, in an action to recover damages for injuries alleged to have been received by plaintiff through defendant's negligence, plaintiff's evidence tended to show that a hot coal, not as large as a pinhead, from an engine on defendant's elevated road, fell into her eye, but there was no direct evidence that the locomotive from which it came was defective in design, construction, condition or operation, or that it was not supplied with the best known appliances for arresting sparks and cinders; nor was there evidence that defendant knew, or had any means of identifying, the locomotive complained of. It did not appear that more than one coal came from the engine on this occasion, or that coals were emitted from any of its locomotives on other occasions. It was claimed that, in the absence of explanatory evidence by defendant, proof of the falling of the coal was sufficient to authorize the jury to infer that the defendant negligently used a locomotive improperly designed, defectively constructed, out of repair or negligently operated. *Held,* untenable, and that the evidence did not authorize a verdict for the plaintiff; that defendant was not bound to assume the burden of showing the condition of all its locomotives in use on that part of the line during the afternoon in question.

In *Chi. & E. I. R. Co.* v. *Reilly,* 212 *Ill.* 506, the plaintiff, while standing at a street crossing, was injured, as he alleged, by a piece of scantling protruding from a flat car of a passing train. The accident happened in the night, when it was so dark that plaintiff's companion could not see him across the

street. Plaintiff did not see what struck him, and the only evidence with reference to the projection was that of his companion, who testified that he noticed lumber on the train, and that the sleepers under the timber on the car slipped, and that the timber projected between eighteen inches and two feet beyond the side of the car. *Held,* that such facts did not raise a presumption of negligence on the part of the railroad company within the rule of *res ipsa loquitur.* Chief Justice Ricks said:

"So far as anything in the record discloses, the injury sustained by the plaintiff was the result of a pure accident, and for such the law provides no compensation. * * * The condition can be accounted for as readily on the hypothesis of pure accident and absence of negligence as upon the ground of negligence, and the rule is well settled that negligence cannot be presumed where nothing is done out of the usual course of business, unless that course itself is improper. * * * As said in *Wabash, St. L. & P. Ry. Co.* v. *Locke,* 112 *Ind.* 404: 'Where an event takes place, the real cause of which cannot be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental, and in a case like this, where the plaintiff asserts negligence, he must show enough to exclude the case from the class of accidental occurrences.' "

In *Wadsworth* v. *Boston Elevated Railway Co.,* 182 *Mass.* 572, where a passenger was injured by sawdust blowing in her eye from an elevated railroad structure adjoining defendant's depot, and plaintiff testified that she did not know whether the sawdust was thrown or blew down, it was held that plaintiff was not entitled to recovery under the doctrine of *res ipsa loquitur,* and that the mere presence of sawdust and shavings and a piece of wood on an elevated railroad structure, by the falling of which a person is injured, is not of itself evidence of negligence, Justice Morton stating that "the cause of the fall is entirely a matter of conjecture. * * * Where, as in the present case, it is as inferable that the accident occurred without negligence on the part of the defendant or its servants or agents as that it did, the ground for such an inference is

wanting. If causes other than the negligence of the defendant or its servants or agents might have produced the accident, the plaintiff was bound to exclude the operation of such causes by a fair preponderance of the evidence. *Kendall* v. *Boston,* 118 *Mass.* 234."

In the case of *McGee* v. *Boston Elevated Railroad Co.,* 187 *Mass.* 569, the plaintiff was struck by a fall of snow while passing beneath the defendant's structure. There was no proof that the snow fell from the defendant's elevated railroad or from one of its buildings, or that anyone was shoveling snow to the sidewalk, and the court, stating that "it was purely a matter of conjecture where the snow came from," affirmed the verdict for the defendant.

We think the true rule is that where it appears that the injuries were occasioned by one of two causes, for one of which the defendant is responsible, but not for the other, the plaintiff must fail if the evidence does not show that the injury was the result of the former cause. If under the testimony it is just as probable that it was caused by the one as the other, he cannot recover.

In the case at bar no state of facts showing negligence, or from which it may be legitimately inferred, is established. The alternative is double, *i. e.,* the piece of coal came either from the bridge or from a car; it was either thrown or fell. As has been pointed out, if thrown, the defendant is not liable unless it was thrown by its servant in the course of duty.

The result is the judgment below must be reversed, and a *venire de novo* awarded.