[Civ. No. 3787. Fourth Dist. May 27, 1949.]

MARY E. ZENTZ, Respondent, v. COCA COLA BOTTLING COMPANY OF FRESNO (a Corporation), Appellant.

Ray W. Hays and William M. Miles for Appellant.

L. Kenneth Say for Respondent.

GRIFFIN, J.—Plaintiff owned a little restaurant in which she also dispensed soft drinks. On July 12, 1946, she had two coca cola refrigerated boxes which she purchased from the previous owner of the café. One was not in use. The top of the other was hinged across the center so that one-half could be lifted up and laid down on the other half. It was partially filled with water for cooling purposes.

Plaintiff testified that defendant's driver had delivered and had placed several cases of coca cola in the box that afternoon and that there were no bottles in there other than coca cola. Defendant's driver testified that there were other bottled beverages in the case at the time.

When the accident herein involved took place, plaintiff was alone in the café, except for a boy customer who ordered a coca cola. She testified she opened one lid of the case to get a bottle (that lid rested back on top of the other lid); that she reached in, but before she touched the bottle, one under the closed lid burst and the glass therefrom cut her left forearm. Men who were standing just outside the café came in, saw the cut, and identified pieces of glass bottle on the floor and pieces of glass on top of the opened lid. They identified the glass as being colored green and said that it was a coca cola bottle, as they recalled it. Plaintiff was taken to the Mercy Hospital and six stitches were taken in her forearm. The jury viewed the café premises and also the coca cola bottling plant and observed its operation. Testimony was produced by defendant as to the method adopted as to inspections and examinations made by the company and the care it took in reference to the possibility of defective glass bottles. It was shown that such coca cola bottles were charged with gas and sometimes burst in the delivery truck if handled roughly.

A physicist, employed by defendant, testified that he tested various bottles selected by him, manufactured between 1938 and 1947, to ascertain the internal pressure necessary to break them, and that when cooled off the pressure in them decreases; that in glass, if the temperature is changed suddenly, there are strains set up which causes it to break, whether there is any pressure in it or not; that the older the bottle the more likely it is to break.

Upon this evidence, after being given an instruction on the res ipsa loquitur rule, the jury returned a verdict in favor of plaintiff for $5,000.

The general instruction given was as follows:

"From the happening of the accident involved in this case, as established by the evidence, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff."

This general instruction was followed by an explanatory instruction as follows:

"The instruction just given may appear to constitute an exception to the general rule that the mere happening of an accident does not support an inference of negligence. The instruction, however, is based on a special doctrine of the law which may be applied only under special circumstances, they being as follows:

"First: The fact that some certain instrumentality, by which injury to the plaintiff was proximately caused, was in the possession and under the exclusive control of the defendant at the time the cause of injury was set in motion, it appearing on the face of the event that the injury was caused by some act or omission incident to defendant's management.

"Second: The fact that the accident was one of such nature as does not happen in the ordinary course of things, if those who have control of the instrumentality use ordinary care.

"Third: The fact that the circumstances surrounding the causing of the accident were such that the plaintiff is not in a position to know what specific conduct was the cause, whereas the one in charge of the instrumentality may reasonably be expected to know, and be able to explain, the precise cause of the accident.

"When all these conditions are found to have existed, the

inference of negligence to which they give birth will support a verdict for the plaintiff, in the absence of a showing by defendant that offsets the inference.''

On this appeal it is argued first, that the evidence was in conflict as to whether the bottle which caused the injury was a bottle belonging to the defendant company; that the extent of liability under the rule above mentioned, is harsh and by the general instruction, as given, the trial court, in effect, instructed the jury that the exploded bottle was a coca cola bottle. Taken alone, this general instruction is susceptible of such an interpretation. However, the pleadings put in issue that very question. The complaint was read to the jury and states that the bottle that caused the injury was a coca cola bottle. Defendant's answer denied this allegation. Instructions that the burden of proof on this issue was upon the plaintiff were properly given. Standing alone, the complaint made may not be sufficient to disturb the judgment. However, it is further contended that the instruction here involved told the jury that the mere breaking of the bottle or the happening of the accident gave rise to an inference of negligence. In *Honea* v. *City Dairy, Inc.*, 22 Cal.2d 614, 618 [140 P.2d 369], it was held that the mere breaking of a bottle *alone* cannot give rise to an inference that defendant was negligent in *failing to discover the defect*. The general instruction here criticized was considered in *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514 [203 P.2d 522], and after citing the case of *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453 [150 P.2d 436], it was said, at page 495:

''Standing alone this instruction was erroneous for it omitted reference to the fact that *before* the *jury* may accord the plaintiff the *benefit* of the res ipsa loquitur inference *it must believe that the bottle did not suffer damage at the hands of persons other than the defendant.*'' (Italics ours.)

The explanatory instruction here involved mentioned many of the elements necessary to be established before the doctrine could be applied, but specifically omitted the element above mentioned in the cited case, i. e., that before the jury may accord the plaintiff the benefit of the res ipsa loquitur inference it must believe that the bottle did not suffer damage at the hands of persons other than the defendant. It appears to us this was one of the most important elements for plaintiff to establish before the rule became operative and that therefore the error in giving the general instruction, as worded, was not cured by the explanatory instruction which

followed. The court, in the Gordon case, specifically stated, quoting from syllabus 4, that:

". . . while evidence that the case containing the bottle suffered no damage at any stage of its transportation from defendant's plant, that it was in excellent condition on delivery, and that plaintiff handled the case and the bottle carefully was not conclusive, it was the jury's province to determine, *after being properly instructed,* whether plaintiff had sufficiently *proved* the *absence of intervening harmful forces* after defendant shipped the bottle to entitle him to rely on an inference inherent in the res ipsa loquitur doctrine that defendant's lack of care was the proximate cause of his injury." (Italics ours.)

In that case the trial court went much farther in the explanatory instruction and did inform the jury that:

"A defendant is deemed to have control at the time of the alleged negligent act although not at the time of the accident, provided plaintiff first proves that the condition of the instrumentality had not been changed after it left the defendant's possession. The defendant is not charged with the duty of showing that something happened to the bottle after it left its control and management. In order to be entitled to the benefit of the doctrine of res ipsa loquitur, the plaintiff must show that every person who moved or touched the bottle after it left the control of the defendant, did so with due care, and that during said time the bottle was not accessible to extraneous harmful forces."

It then held that under those circumstances the error in the general instruction was cured because the explanatory instruction explained the circumstances which must be present before the inference of negligence can arise, including the charge that the plaintiff must prove that all who dealt with the bottle besides the defendant did so with due care.

In the instant case the court gave no such explanatory instruction. Since there was evidence that there were bottles other than coca cola in the case and that all coca cola bottles were examined for defects and were properly inspected before leaving the bottling plant and were placed in plaintiff's coca cola box in good condition, and that plaintiff's employees had served about 15 bottles of soft drinks immediately preceding the explosion; that broken glass was on top of the lid that was opened and was also on the floor (it is defendant's contention that this could not result had the bottle exploded while in the position described by plaintiff), the question of the exercise

of due care by plaintiff was a factual question and the jury was entitled to a proper instruction on the subject as to when the doctrine of res ipsa loquitur might apply.

In *Escola* v. *Coca Cola Bottling Co., supra,* page 458, *Dunn* v. *Hoffman Beverage Co.,* 126 N.J.L. 556 [20 A.2d 352, 354] is quoted and it is said:

" ' . . . defendant is not charged with the duty of showing affirmatively that something happened to the bottle after it left its control or management; . . . to get to the jury the plaintiff must show that there was due care during that period.' Plaintiff must also prove that she handled the bottle carefully. The reason for this prerequisite is set forth in Prosser on Torts, *supra,* at page 300 . . ."

The question, therefore, was not left to the jury, but under the instruction, as here given, the court told the jury that ". . . from the happening of the accident involved . . . there arises an inference that the proximate cause . . . was some negligent conduct on the part of the defendant." Such is not the law. (*Honea* v. *City Dairy, Inc., supra.*) We must conclude, therefore, that the giving of the general instruction without a sufficient explanatory instruction, was prejudicially erroneous.

The evidence of plaintiff's claimed injury and loss sustained makes the award of $5,000 appear to be excessive on its face. Since the case must be reversed and may be retried under proper instructions as to the res ipsa loquitur rule, no good reason appears why we should now discuss this question.

Judgment reversed.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied June 17, 1949. Respondent's petition for a hearing by the Supreme Court was denied July 21, 1949. Carter, J., voted for a hearing.