**Lillian Agnes WIELAND and Charles L. Wieland, Plaintiffs-Appellants,**

v.

**C. A. SWANSON & SONS, Defendant-Appellee.**

No. 271, Docket 23134.

United States Court of Appeals Second Circuit.

Argued April 11, 1955.

Decided June 1, 1955.

George A. Raftery, New York City (O'Brien, Driscoll & Raftery and Arthur F. Driscoll, New York City, on the brief), for plaintiffs-appellants.

J. Christopher Meyer, Jr., New York City (Breed, Abbott & Morgan and Thomas W. Kelly, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

Plaintiff wife was injured by swallowing, in a mouthful of canned chicken fricassee, some object which was hard and sharp enough to tear the lining of her esophagus. She and her husband sued the manufacturing processor on the theory that the injurious substance was introduced or permitted to remain in the chicken fricassee through the negligence of the processor. The court charged the jury that if it found that the injury was caused by a chicken bone, plaintiffs could not recover.[1] The jury verdict was for defendant and plaintiffs appeal.

The place of wrong was New Jersey. Both parties have addressed themselves to the problem of the extent of a manufacturer's liability for foreign substances in food as a question of New Jersey law. However, we find it unnecessary to pursue this subject because in our view the case turns on a fact question distinct from any dispute as to the extent of liability.

The area of controversy is narrow. Plaintiffs have no right to recover if the injury was inflicted by a whole chicken bone contained in defendant's product. For it is undisputed that bones are normally left in chicken as cut up for fricassee, and this fricassee was not held out to be boneless. Plaintiffs do complain, however, that the court's charge precluded any recovery for injury caused by a splintered fragment of chicken bone, negligently left in the fricassee and not reasonably anticipated by the consumer.

We do not reach the question of the processor's liability for an injury caused by a splintered chicken bone in fricassee, because we do not find any evidence from which the jury could rationally have inferred that the injurious substance was a chicken bone splinter. The two doctors who examined plaintiff wife at the time of the injury or soon thereafter were witnesses. Their testimony points to no greater probability that the injury was caused by a splintered fragment of bone than by a whole bone or some other object. Plaintiffs' principal contention is that the jury might have inferred that the injurious substance was a splintered bone from the wife's testimony that the only chicken fricassee she ate was a single morsel not more than an inch in length. It is argued that this morsel must have contained the injurious object, and that from its size the jury could properly infer that the object was a splintered fragment of bone, rather than an entire bone. However, no proof was offered to supply an anatomical basis for this inference. To the contrary, we take judicial notice of the fact that a chicken contains many small bones less than an inch in length. For familiar example, the bony structure includes sixteen distinct cervical vertebrae. HYMAN, COMPARATIVE VERTEBRATE ANATOMY, 2d Ed., 1942, 121.

In these circumstances it would have been mere speculation, and therefore improper, for the jury to have concluded that a splintered bone caused the injury. The party who bears the burden of proof is not entitled to submit alternative possibilities to a jury for speculative choice among them when the record supplies no evidentiary basis for choice by logical inference. Woschenko v. C. Schmidt & Sons, 1949, 2 N.J. 269, 66 A.2d 159, 12 A.L.R.2d 281; Dunn v. Hoffman Beverage Co., 1941, 126 N.J.L. 556, 20 A.2d 352; Simpson v. Duffy, 1952, 19 N.J.Super. 339, 88 A.2d 520.

The judgment will be affirmed.

---

1. At the start of the trial plaintiffs' counsel stated his theory to be that the injury was caused by a splintered chicken bone or some other foreign body. The court insisted that he limit his theory to one of splintered bone, yet later permitted the jury to consider the possibility of some other injurious hard foreign substance. But plaintiffs seem not to have been prejudiced by this change of position, since their counsel did not indicate then and has not indicated since that he had any additional evidence to show the presence of a non-bone foreign body. The injurious object was not recovered. That very fact is some indication that it was bone, which the stomach could have dissolved.