[Civ. No. 19432. First Dist., Div. Two. May 10, 1961.]

RUSSELL J. HAMMERSCHMIDT, Appellant, v. FORD MOTOR COMPANY (a Corporation), Respondent.

J. Adrian Palmquist and Francis T. Cornish for Appellant.

Barfield & Barfield for Respondent.

STONE, J. pro tem.*—Plaintiff brought this action to recover for personal injuries and property damage suffered on July 21, 1957, in a one-vehicle motor truck accident near Elko, Nevada. Defendant manufactured a Ford Tilt-Cab Tractor designed with the motor beneath the cab, which was sold to plaintiff by an independent Ford dealer. Access to the motor was provided by tilting the cab forward upon the release of a latch or holding device. Plaintiff contends that while driving 40-45 miles per hour, the cab became disengaged

*Assigned by Chairman of Judicial Council.

from the chassis, tilted forward and caused the accident. Defendant argues that marks on the highway and the damage to the tractor and trailer proved that the equipment jackknifed and that the thrust of the trailer against the tractor pushed the cab forward. Plaintiff relied on the doctrine of res ipsa loquitur; the jury brought in a defense verdict; a judgment was entered thereon and plaintiff appealed. His sole contention is that the trial court erroneously instructed the jury on the doctrine of res ipsa loquitur.

Plaintiff testified that the accident happened on United States Highway 40 at approximately 5:30 p. m., 38 miles west of Elko, Nevada. His speed was between 40-45 miles per hour. He had just passed the crest of a grade and started to shift gears, when the cab suddenly tilted, throwing him through the windshield and onto the highway. While lying on the highway, he looked up and saw the tractor crossing the roadway toward him. The right front wheel ran over his body and the tractor and trailer proceeded some distance down the highway before coming to rest.

The court gave the following instruction, to which plaintiff takes exception:

"You are instructed that if, and only in the event, you should find that there was an accidental occurrence as claimed by the plaintiff, namely: that while plaintiff was driving the tractor and trailer at a speed of forty (40) to forty-five (45) miles per hour the cab suddenly tilted without warning, throwing plaintiff out of the cab and onto the highway, and that thereafter one of the front wheels of the tractor ran over plaintiff, and that thereafter the tractor and trailer proceeded down the highway a total of five-hundred-ninety one feet (591'), where the tractor and trailer came to rest, and if you should find that from that accidental event, as a proximate result thereof, plaintiff has suffered injury, you are instructed as follows: an inference arises that the proximate cause of the occurrence in question was some negligent conduct on the part of the defendant. That inference itself is a form of evidence, and if none other exists tending to overthrow it, or if the inference, (either alone or with any other evidence supporting it,) preponderates over contrary evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that it did, in fact, exercise ordinary

care and diligence or that the accident occurred without being proximately caused by any failure of duty on its part."

■ Plaintiff objects to the recitation of facts occurring after the cab tilted forward. In short, he argues that the doctrine of res ipsa loquitur depends upon the factors causing the accident, not the results. We agree, and if the doctrine is applicable at all in this case, it would rest on the unexplained tilting of the cab, regardless of whether plaintiff had been thrown to the pavement immediately or whether he had been run over or whether the truck progressed a total of 591 feet down the highway. The objectionable facts, though correctly stated, are clearly immaterial surplusage. Yet we do not see how they could have misled the jury in its determination of the res ipsa loquitur question.

■ Of more significance is another error in the instruction, which favored the plaintiff. It is the failure of the instruction to state all of the conditions under which the doctrine of res ipsa loquitur would be applicable in light of the evidence in this case. Specifically, the instruction did not advise the jury that plaintiff had the burden of showing that the tractor had not been mishandled or its condition changed after defendant relinquished control. An instruction bearing a similar fault was criticized and held to be reversible error in *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682 [268 P.2d 1041]. The Supreme Court, Chief Justice Gibson speaking, said at pages 691-692:

"The instructions given, however, were erroneous in that, while they purported to state all the conditions under which res ipsa loquitur would be applicable, they did not inform the jury that plaintiffs must show that the instrumentality which caused the damage was not mishandled or its condition otherwise changed after control was relinquished by the person against whom the doctrine is to be applied. In giving instructions which define res ipsa loquitur it is ordinarily necessary to cover this problem where, as here, there is evidence that several persons had control of the instrumentality at different times before the accident. (*Black* v. *Partridge*, 115 Cal. App.2d 639, 650 [252 P.2d 760] ; *Zentz* v. *Coca Cola Bottling Co.*, 92 Cal.App.2d 130, 133 [206 P.2d 653] ; see *Gordon* v. *Aztec Brewing Co.*, 33 Cal.2d 514, 519-520 [203 P.2d 522].) Under the circumstances of the present case it was error to give the instructions which set forth the doctrine without mentioning plaintiffs' burden regarding the possibility that third persons may have been responsible for what happened."

It should be noted that the questioned instruction has been discarded by BAJI and superseded by a different form (see BAJI, vol. 2, 1959 Supp., p. 22 et seq.).

In any event, the instruction given on res ipsa loquitur could not have prejudiced the plaintiff because under the settled statement, he was not entitled to the benefit of the doctrine. From *Trust* v. *Arden Farms Co.*, 50 Cal.2d 217, 220 [324 P.2d 583], we learn that:

"A plaintiff seeking to invoke the doctrine of res ipsa loquitur against a defendant who at a time prior to the accident has relinquished all control of the instrumentality causing the injury must affirmatively establish that the condition of the instrumentality has not changed since it left the possession of defendant. (*Simmons* v. *Rhodes & Jamieson, Ltd.*, 46 Cal.2d 190, 195 [7] [293 P.2d 26]; *Burr* v. *Sherwin Williams Co.*, 42 Cal.2d 682, 691 [10] [268 P.2d 1041]; *Escola* v. *Coca Cola Bottling Co.*, 24 Cal.2d 453, 458 [2] [150 P.2d 436].)"

 The settled statement reflects that the tractor had been assembled by the defendant in Kentucky and sold to an independent Ford dealer in Indiana from whom the plaintiff purchased it. From that time on, defendant had neither possession nor control of the equipment. Plaintiff added two heavy metal saddle tanks, left and right, which were bolted to the frame at the rear of the Tilt-Cab; he had a fifth wheel installed behind the Tilt-Cab on which the trailer rested and he had an air hose installed. None of this work was performed by defendant. During the three months preceding the accident, the tractor had been driven 15,000 miles cross-country, under varying driving and weather conditions. There had been damage to and repair of the Bowden cable which forms a part of the locking mechanism of the Tilt-Cab, as well as damage to the windshield and to the check valve. Preceding the accident, and on the same trip, a new check valve and a new windshield had been installed in Salt Lake City, but the extent of the damage or what caused the particular damage and most important, whether it might have affected the cab mechanism, is not disclosed in the settled statement. On the day of the accident and during the prior evening, plaintiff had demonstrated the operation of the Tilt-Cab to drivers and other interested persons. There was evidence that plaintiff had said that "some fellows 'were fooling around with the tractor at the gas station.'" This evidence falls short of

8

affirmatively establishing that the condition of the instrumentality had not changed after it left the possession of defendant as required by *Trust* v. *Arden Farms*; *Burr* v. *Sherwin Williams Co.*, and *Escola* v. *Coca Cola Bottling Co.*, *supra*.

The judgment is affirmed.

Draper, Acting P. J., and Shoemaker, J., concurred.