238

GRACE E. GIMENEZ, Respondent, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with MITSŪI & Co., Defendant.*

THOMAS T. GIMENEZ, Respondent, *v.* GREAT ATLANTIC AND PACIFIC TEA COMPANY, Appellant, Impleaded with MITSUI & Co., Defendant.*

Second Department, February 9, 1934.

*Harry C. W. Melick* [*Thomas R. Evans* with him on the brief], for the appellant.

*Raymond J. Riley* [*Mordecai Cohen* with him on the brief], for the respondents.

PER CURIAM. The evidence permitted the finding by the jury that the plaintiff wife relied on the seller's skill or judgment in the purchase of the crab meat in question, and that she purchased the same, not as agent for her husband but in her own behalf and for her own use as food. The evidence further justified the finding that the crab meat was not of merchantable quality, and that it was not fit for human consumption because of the presence therein of a dangerous substance from which ensued the injuries complained of. Under both propositions, lack of merchantable quality and unfitness of the food for human consumption, the verdict finds satisfactory support in the evidence and was warranted in law.

* Affd., 264 N. Y. 390.     † Revd., 264 N. Y. 390.

(*Ryan* v. *Progressive Grocery Stores*, 255 N. Y. 388; *Rinaldi* v. *Mohican Co.*, 225 id. 70; *Temple* v. *Keeler*, 238 id. 344; *Race* v. *Krum*, 222 id. 410.) The more arguable question is the right of the husband to recover the usual consequential damages arising from the wife's injuries, involving his medical expenses and damages for loss of consortium, the latter phrase comprehensively including a husband's loss of his wife's aid, society, companionship and assistance. We have reached the conclusion that the husband's losses may be recovered notwithstanding that the actions of both wife and husband are predicated upon a breach of warranty or, more specifically in this case, a breach of the implied warranty involved in the sale of food that it is either of merchantable quality or is fit for human consumption. While the basic right rests, in a sense, in a breach of contract, the damages arising from that breach sound in tort. In other words, a personal injury occurred from a breach of duty. As in *Boyce* v. *Greeley Square Hotel Co.* (228 N. Y. 106, 110), so here, there is no necessity " to determine with exact discrimination and accuracy whether the right of action in the case at bar is based upon a violation of a contract between the parties created through implication of the law or upon the infraction of an obligation or duty imposed by the law upon the defendant," and that a recovery is proper " upon the theory of a tort or a breach of contract by the defendant." If, therefore, the wife's right of action for her own personal injuries is predicated upon a breach of warranty justifying damages upon the theory of a wrong, there would seem to be no logical reason for denying the husband a recovery of the consequential damages flowing from the wrong done to his wife. In principle, our decision in *Bernstein* v. *Queens County Jockey Club* (222 App. Div. 191) is authority for regarding the wife's action at bar as founded upon a tortious act. In the cited case we held that an action alleging a breach of implied warranty of fitness for consumption, in a sale of food, did not survive the death of the seller of the food. The ruling was based upon the view that the action was one for damages for a wrong despite its form or nomenclature, and that as an actionable wrong the action abated with the death of the wrongdoer. So it follows, by analogy, that predicating the wife's action at bar upon the wrong done to her which entailed a property loss to the husband, the concurrent action should be deemed to be maintainable; and that the husband is not remediless on any theory of a lack of privity between the seller and himself. Privity of contract, while essential, in a case like the present one, to the person suffering bodily injuries who seeks to recover damages, is not a prerequisite to the husband's concurrent action for the consequential injuries occasioned to him

by the personal injuries suffered by the wife with whom there was the privity of contract.

The words " injuries to the person," arising under the Highway and the Vehicle and Traffic Laws which make the owner of an automobile liable for injuries to persons or property resulting from negligence in the operation of the vehicle, have been given the broad interpretation by the Court of Appeals so as to include the usual concurrent actions by a husband for injuries to his wife and to a parent for injuries to his child; and a casualty company's policy providing for the payment of any judgment recovered " for death or for injury to persons or property caused in the operation * * * of such motor vehicle," obligates the insurer to the payment of such damages. (See *Price* v. *National Surety Co.*, 221 App. Div. 56; 246 N. Y. 586; *Psota* v. *Long Island R. R. Co.*, Id. 388, 395.)

The judgments should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, CARSWELL and DAVIS, JJ.

Judgments unanimously affirmed, with costs.