Howard T. Hogan, J.
Motion by the plaintiff for summary judgment in an action for the balance due under two conditional sales agreements.
The defendants on July 5, 1956 purchased from Edward Ehrbar, Inc. certain equipment (tractor, bulldozer, canopy) under a conditional sales contract of that date and delivered a promissory note providing for the payment of $16,092.84 in 33 *775 monthly payments. An extension agreement was executed on July 22, 1957 providing for the payment of the balance then due under the conditional sales agreement ($12,327.94) at the rate of $487.66 monthly after the initial payment of $136.38 made on the execution of the extension agreement. On default in making the installment payments, the entire balance of $11,703.90 was declared due, the property was repossessed, a sale held and the first cause of action is for the deficiency ($8,250.16) resulting after crediting the defendants with the proceeds of the sale, less expenses.
A similar transaction is involved in the second cause of action, with a deficiency allegedly due in the sum of $6,952.28.
The defendants in opposition to this motion for summary judgment urge that the plaintiff has not proven compliance with the provisions of the Personal Property Law concerning the retaking and resale of the chattels covered by the conditional sales contracts. They also urge that the plaintiff should be required to prove its causes of action at a trial where the defendants would have opportunity to elicit information on cross-examination which is in the sole possession of the plaintiff.
The defendants dispute the contention that the sale was conducted in compliance with the statute. They question the sufficiency of the notice of sale, the reasonableness of the expenses of the sale, and the report of the amount bid.
Section 80-b of the Personal Property Law provides in part, “ In every action or proceeding for a deficiency, the buyer may have the reasonableness of the expense of retaking, keeping and storing the goods determined.” In addition, as the defendants have not had a reasonable opportunity for obtaining an examination before trial, much of the information pertaining to the conduct of the sale is exclusively in the possession of the plaintiff. Under such circumstances, the court is averse to depriving the defendants of their day in court (Newman v. Newark Fire Ins. Co., 281 App. Div. 852, and cases cited).
Accordingly, the motion is denied.