Frank J. Kronenberg, J.
The plaintiff in this mortgage foreclosure action moves for summary judgment. The answering defendant has admitted the allegations of the complaint but pleads as an affirmative defense that the plaintiff’s holding of the mortgage by assignment, and suit thereon, is champertous. The only basis for such allegation is that the plaintiff is the wife of a member of the firm of attorneys which appears for the plaintiff in this action. From this fact defendant surmises that plaintiff, acting as agent for her husband, purchased the mortgage for the purpose of bringing this action.
Defendant opposes hearing of the motion for summary judgment until defendant has had time to take the plaintiff’s deposition from which defendant hopes to obtain information which would enable him to show a basis for his affirmative defense.
It is true as pointed out by defendant that courts have upon occasion postponed decision on a motion for summary judgment pending the taking of depositions by the party against whom the motion was directed.
However in each of these cases it appeared that the party seeking the deposition had some solid basis for his affirmative defense. For example, in Suslensky v. Metropolitan Life Ins. Co. (180 Misc. 624, affd. 267 App. Div. 812) plaintiff’s decedent died as a result of taking muriatic acid and the question was whether it was accidental or suicidal. There was no question as to the cause of death, and the manner of his decease obviously gave rise to the possibility of suicide. The circumstances thus were such that the defendant insurance company was justified in being suspicious.
Newman v. Newark Fire Ins. Co. (281 App. Div. 852) was a similar case where plaintiff relied upon the loss or theft of her insured jewelry. Here there was no dispute that the *1018 jewelry was gone, but there was only plaintiff’s word to explain the loss and the defendant insurance company was not bound to accept her self-serving statement without taking her deposition.
Bartels v. Rubel Corp. (205 Misc 673) concerned an attempt to collect a debt from a corporation which was alleged to be a department and instrumentality of another corporation. The court refused to grant summary judgment to the defendant until plaintiff had had an opportunity to take depositions. The information which plaintiff presented to the court showed such a close relationship between the two corporations that the court concluded there were sufficient “ straws in the wind ” to indicate that plaintiff perhaps had a real basis for his allegations.
The difficulty with defendant’s position is that he presents no facts whatever from which the court may find that his defense is based upon more than mere surmise and is not a sham. All that defendant shows is that the plaintiff assignee is the wife of a member of the firm of attorneys which represents her in this action. Such status gives no rise to any presumption or inference that plaintiff is an agent or nominee of her husband. Section 50 of the Domestic Relations Law provides that the separate property of a married woman is her sole property as though she were unmarried and it is not subject to her husband’s control. No citation is needed for the proposition that marriage does not, under the circumstances here, give rise to any presumed agency of the wife for the husband.
Since the court is unable to find any basis in fact for the affirmative defense, the motion of plaintiff for judgment must be granted.