Michael E. Sweeney, J.
This is a motion by plaintiff for summary judgment under rule 113 of the Buies of Civil Practice. Defendant cross-moves for similar relief. The action itself is brought for personal injuries based on breach of warranty in that certain canned tuna fish sold by the defendant to the plaintiff was not fit for human consumption.
It is incumbent on the court to determine whether a bona fide issue exists. This can be done only by an examination of the pleadings, together with the various papers submitted by both parties. If the plaintiff makes out a case on the pleadings and other papers submitted by her, the burden is then upon the defendant to show his proof and submit facts indicating he is *1086 entitled to defend the action. (Curry v. MacKenzie, 239 N. Y. 267.)
Defendant’s burden cannot be met simply by a general denial and an affidavit of an attorney not personally familiar with the facts. (Dodwell & Co. v. Silverman, 234 App. Div. 362; Barnet v. Horwitz, 278 App. Div. 700.)
In her complaint plaintiff alleges that defendant was engaged in selling groceries and foodstuffs for human consumption and that prior to March 14, 1958 plaintiff purchased from defendant a can of tuna fish for immediate consumption; that thereafter plaintiff opened the can, ate a part of the contents thereof and in so doing, bit into a stone-like object causing personal injuries. She also testified to these facts in an examination before trial taken at defendant’s behest. The complaint also asserts the necessary allegations pertaining to breach of warranty. The defendant’s answer consists of a general denial.
The plaintiff submits in addition to the complaint her affidavit averring the facts upon which her cause of action is based, the minutes of the examination of plaintiff before trial, a report of analysis by Bender Hygienic Laboratory, Albany, New York, of the stone-like object and a letter of amplification of the above-mentioned analysis. The defendant in opposition, in addition to the answer, submits an affidavit of his attorney and an affidavit of a chemist employed by National Canners Association of Washington, D. 0.
The laboratory report submitted by plaintiff designates the stone-like substance as magnesium ammonium phosphate, measuring 5.3 millimeters in diameter and weighing 95.4 milligrams and having a hardness of 2. The report further states that the substance was not harmful if eaten, but was a foreign body.
The chemist’s affidavit submitted by defendant analyzes the stone-like substance as magnesium ammonium phosphate hexahydrate which is also known as “ struvite ”. He agrees that these struvite crystals have a hardness of 2, but contends that the average can of tuna contains quantities of magnesia, ammonia and phosphate sufficient to form a crystal six times the size of the object complained of by plaintiff. He refutes the opinion contained in the laboratory report submitted by plaintiff that the crystals do not occur in a can of sea food known by reliable inspection to be free of them before sealing and processing. On the contrary, he maintains that they are formed after the product has been sterilized in the can by a union of natural constituents of the meat of the sea food, the minerals contained in the crystals being supplied by sea water in which the fish *1087 lived. He further refutes the statement in the laboratory report that the substance is foreign, asserting that the struvite crystals are formed from these natural constituents found in every can of saltwater sea food.
The affidavit of defendant’s attorney fails to state any fact of which he has personal knowledge which in any way contradicts the allegations made by plaintiff. His affidavit merely presents his arguments, interpretations and conclusions of the laboratory report submitted by plaintiff and the report submitted by the chemist on behalf of the defendant. Consequently, this affidavit is without probative value and of no aid to defendant on this motion. (Barnet v. Horwitz, 278 App. Div. 700, supra.)
The issue then narrows to a determination of whether or not the presence of a piece of magnesium ammonium phosphate, also known as a struvite crystal, contained in a can of tuna fish, constitutes a breach of implied warranty, merchantability and fitness for human consumption. There is no question that there was an implied warranty that the tuna fish was of merchantable quality and fit for human consumption. (Personal Property Law, § 96; Ryan v. Progressive Grocery Stores, 255 N. Y. 388; Greco v. Kresge Co., 277 N. Y. 26.)
Whether the struvite crystal contained in the can of tuna was a natural or foreign substance is undoubtedly a question of fact. With every reasonable inference favorable to defendant that it cannot be regarded as a foreign object, still the question of whether under the undisputed facts in this case the substance need be foreign in order to constitute a breach of implied warranty pursuant to section 96 of the Personal Property Law is one of law.
This question was decided in Gimenez v. Atlantic & Pacific Tea Co. (240 App. Div. 238, affd. 264 N. Y. 390).
The Giménez case also involved struvite and there the Appellate Division said at page 238: 11 The evidence further justified the finding that the crab meat was not of merchantable quality, and that it was not fit for human consumption because of the presence therein of a dangerous substance from which ensued the injuries complained of. Under both propositions, lack of merchantable quality and unfitness of the food for human consumption, the verdict finds satisfactory support in the evidence and was warranted in law.”
Another case also directly in point is O’Hare v. Peterson (174 Misc. 481) and there the court said at pages 482 and 485:
“ The sole question to determine is whether the sale of a product by a storekeeper containing struvite, a crystal which *1088 forms in the jar after packing, gives rise to a cause of action pursuant to section 96 of the Personal Property Law.
‘ ‘ In the instant case the mouth of the plaintiff was injured by biting on crystals, several of which were of the size of a large pea. It must be conceded that a retailer is responsible to a consumer who purchases food from the retailer, for injuries sustained by the consumer as a result of a deleterious or foreign substance contained in that food.
‘ ‘ This court is, therefore, of the opinion that struvite crystals of the size contained in the glass jar of shrimp purchased by the plaintiff in the instant case was a deleterious substance which not only may cause- injury, hurt or damage but actually did cause injury to the plaintiff and was unfit for the particular purpose for which it was sold.”
Prom the foregoing, it is concluded that defendant has failed to establish the existence of a triable issue as to his liability for the injuries suffered by plaintiff.
The court is not unmindful of the principle that where facts material to the action are exclusively within the knowledge of the moving party, summary judgment should not be granted unless such moving party proves her case by common-law proof, subject to cross-examination. (Newman v. Newark Fire Ins. Co., 281 App. Div. 852; De France v. Oestrike, 8 A D 2d 735.) I feel that the examination before trial of the plaintiff procured by defendant satisfied this requirement. (Franklin Nat. Bank v. Petit, 13 Misc 2d 774; McNulty v. Kubicz, 17 Misc 2d 1016; Gambeski v. Gauthier, 9 A D 2d 914.)
Plaintiff’s motion for summary judgment is granted. Defendant’s cross motion for summary judgment in favor of defendant is denied. Submit order.