## Ruth BROWN, Appellant,

v.

## Betty CUNNINGHAM et al., Appellees.

Court of Appeals of Kentucky.

May 1, 1962.

Edwin Cohen, Louisville, for appellant.

William Lehnig, Walter R. King, Carl K. Helman, Louisville, for appellees.

CLAY, Commissioner.

Plaintiff appellant choked on something while eating a meal at a restaurant. In a suit for damages against the owner and a distributor of one of the items on the menu, the circuit judge granted summary judgment for the defendants.

One of the foods being consumed was a fish filet. The theory of appellant's case is that this filet, supposedly boneless, contained a fish bone and was therefore not reasonably fit for human consumption. The substance of what appellant could prove on a trial was disclosed by pretrial depositions.

Appellant was unable to state what caused her to choke. She frankly admitted it could have been one of the foods other than the filet. She did not testify that a fish bone or a foreign substance in any of the food caused her distress.

She was examined at a hospital, which included x-ray observation. After a thorough and complete examination, the doctor could find no substance in her throat. He stated: "I assume that *if* there was anything down there the most *likely* thing would be a fish bone." (Our emphasis) However, he testified there was no evidence of a fish bone and that any one of a number of things could have been caught in her throat.

It is unnecessary for us to consider the interesting question of whether or not, had appellant been able to prove that she choked

on a fish bone while eating fish, the restaurant owner could be held liable for damages. See Bryer v. Rath Packing. Co., 221 Md. 105, 156 A.2d 442, 77 A.L.R.2d 1. Her case breaks down before we reach that question.

Appellant could offer no proof of substance that the cause of her choking was either a fish bone or a foreign substance. Her testimony and that of the doctor constituted no more than pure speculation concerning the cause of her discomfort. The mere possibility of a tortious injury was not enough to warrant a trial. See Rutherford v. Modern Bakery, Ky., 310 S.W.2d 274.

The judgment is affirmed.