Argued April 8, affirmed May 25, 1966

# HUNT *v.* FERGUSON-PAULUS ENTERPRISES

415 P. 2d 13

*Steve Anderson,* Salem, argued the cause for appellant. With him on the brief was F. P. Stager.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before McAllister, Chief Justice, and Sloan, Goodwin, Denecke and Lusk, Justices.

LUSK, J.

The plaintiff bought a cherry pie from the defendant through a vending machine owned and maintained by the defendant. On biting into the pie one of plaintiff's teeth was broken when it encountered a cherry pit. He brought this action to recover damages for the injury, alleging breach of warranty of fitness of the pie for human consumption. In a trial to the court without a jury the court found for the defendant and plaintiff has appealed.

Plaintiff assigns error to the court's failure to sustain his objection to a general finding entered in favor of the defendant and to the court's refusal to enter special findings requested by the plaintiff, among which the following presents the plaintiff's theory of the applicable law:

> "Cherries in cherry pies are normally pitless, and are offered to the public in that condition, and plaintiff did not reasonably expect to find a pit in the cherry pie and the defendants [sic] had no knowledge that any pits were baked into pies offered by it for sale."

Plaintiff also requested the following conclusion of law which the court refused to make:

> "That a consumer of a piece of cherry pie purchased from a vending machine to be consumed at the time of sale, does not reasonably expect to find a cherry pit in such pie."

Under ORS 72.3150① if the cherry pie purchased by the plaintiff from the defendant was not reasonably fit for human consumption because of the presence of the cherry pit there was a breach of warranty and plaintiff was entitled to recover his damages thereby caused.

In the consideration of similar cases some of the courts have drawn a distinction between injury caused by spoiled, impure, or contaminated food or food containing a foreign substance, and injury caused by a substance natural to the product sold. In the latter class of cases, these courts hold there is no liability on the part of the dispenser of the food. Thus in the leading case of *Mix v. Ingersoll Candy Co.*, 6 Cal 2d 674, 59 P2d 144, the court held that a patron of a restaurant who ordered and paid for chicken pie, which contained a sharp sliver or fragment of chicken bone, and was injured as a result of swallowing the bone, had no cause of action against the restaurateur either for breach of warranty or negligence. Referring to cases in which recovery had been allowed the court said:

"All of the cases are instances in which the food was found not to be reasonably fit for human consumption, either by reason of the presence of a foreign substance, or an impure and noxious condition of the food itself, such as for example, glass, stones, wires or nails in the food served, or tainted, decayed, diseased, or infected meats or vegetables."

The court went on to say that:

"* * * despite the fact that a chicken bone

---

① "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under ORS 72.3160 an implied warranty that the goods shall be fit for such purpose."

may occasionally be encountered in a chicken pie, such chicken pie, in the absence of some further defect, is reasonably fit for human consumption. Bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones."

Further the court said:

"Certainly no liability would attach to a restaurant keeper for the serving of a T-bone steak, or a beef stew, which contained a bone natural to the type of meat served, or if a fish dish should contain a fish bone, or if a cherry pie should contain a cherry stone—although it be admitted that an ideal cherry pie would be stoneless." 6 Cal 2d at 681-682.

The so-called "foreign-natural" test of the *Mix* case has been applied in the following cases: *Silva v. F. W. Woolworth Co.*, 28 Cal App 2d 649, 83 P2d 76 (turkey bone in "special plate" of roast turkey); *Musso v. Picadilly Cafeterias, Inc.* (La App), 178 S2d 421 (cherry pit in a cherry pie); *Courter v. Dilbert Bros., Inc.*, 186 NYS2d (App Div) 334 (prune pit in prune butter); *Adams v. Tea Co.*, 251 NC 565, 112 SE2d 92 (crystalized grain of corn in cornflakes); *Webster v. Blue Ship Tea Room, Inc.*, 347 Mass 421, 198 NE2d 309 (fish bone in a fish chowder).

Other courts have rejected the so-called foreign-natural test in favor of what is known as the "reasonable expectation" test, among them the Supreme Court of Wisconsin, which, in *Betehia v. Cape Cod Corp.*, 10 Wis 2d 323, 103 NW2d 64, held that a person who was injured by a chicken bone in a chicken sandwich served to him in a restaurant, could recover for his injury either for breach of an implied warranty or for negligence. "There is a distinction," the court said, "be-

tween what a consumer expects to find in a fish stick and in a baked or fried fish, or in a chicken sandwich made from sliced white meat and in roast chicken. The test should be what is reasonably expected by the consumer in the food as served, not what might be natural to the ingredients of that food prior to preparation. What is to be reasonably expected by the consumer is a jury question in most cases; at least, we cannot say as a matter of law that a patron of a restaurant must expect a bone in a chicken sandwich either because chicken bones are occasionally found there or are natural to chicken." 10 Wis 2d at 331-332.

Among other decisions adopting the reasonable expectation test are: *Bonenberger v. Pittsburgh Mercantile Co.,* 345 Pa 559, 28 A2d 913, 143 ALR 1417, Annotation at page 1421 (oyster shell in canned oysters used in making oyster stew); *Bryer v. Rath Packing Co.,* 221 Md 105, 156 A2d 442, 77 ALR2d 1 (chicken bone in chow mein); *Varone v. Calarco,* 199 NYS2d 755 (struvite in canned tuna).

Other decisions upon the question may be found reviewed in Hursh, American Law of Products Liability, §§ 12.33-12.35. See, also, the Annotation, 77 ALR2d 7, at 79. The foreign-natural test is criticized in Dickerson, Products Liability and the Food Consumer 184-189, and in an article by Mitchel J. Ezer, "The Impact of the Uniform Commercial Code on the California Law of Sales Warranties," 8 UCLA California Law Review 281.

■ In view of the judgment for the defendant, we are not required in this case to make a choice between the two rules. Under the foreign-natural test the plaintiff would be barred from recovery as a matter of law. The reasonable expectation test calls for determination of a question of fact: *Betehia v. Cape Cod Corp.;*

*Bonenberger v. Pittsburgh Mercantile Co.; Bryer v. Rath Packing Co.;* Dickerson, Products Liability and the Food Consumer, all supra. The court has found the fact in favor of the defendant and this court has no power to disturb the finding.

■ Plaintiff argues that the court based its decision on the foreign-natural rule. The court did so indicate in a letter to counsel announcing its decision, but in the same letter the court also spoke of what can be "reasonably anticipated and guarded against by the consumer" and said that the question was a "mixed question of law and facts." Further, the court, as above stated, refused to make a finding of fact requested by the plaintiff that the plaintiff "did not reasonably expect to find a pit in the cherry pie." The general finding entered by the court covered all the issues of fact in the case.

■ Plaintiff also assigns error to the admission in evidence of defendant's Exhibit A, a pamphlet issued by the United States Department of Agriculture entitled "United States Standards for grades of Frozen Red Tart Pitted Cherries." It is sufficient to say that on the trial plaintiff's counsel stipulated to the admission of the exhibit.

There are no other assignments of error and the judgment is affirmed.