Leo KNEIBEL, Appellant,

v.

RRM ENTERPRISES, d/b/a McDuff's Restaurant, Respondent,

J.P. Food Service, Inc., d/b/a Monarch Minnesota, Defendant.

J.P. FOOD SERVICE, INC., d/b/a Monarch Minnesota, Defendant and Third–Party Plaintiff,

v.

MONFORT PACKING DIVISION, A DIVISION OF MONFORT, INC., Third–Party Defendant, Respondent,

American Meat Packing Co., Third–Party Plaintiff, Respondent.

No. CX–93–815.

Court of Appeals of Minnesota.

Oct. 5, 1993.

Considered and decided by CRIPPEN, P.J., and RANDALL and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellant Leo Kneibel challenges summary judgment dismissing his claims for damages allegedly sustained while eating at respondent McDuff's Restaurant. Because Kneibel could not identify the hard object which allegedly broke his tooth, the district court concluded that his claim of injury caused by a defective food product is based on speculation. We affirm.

## FACTS

On October 21, 1989, Kneibel and his wife ate dinner at McDuff's. Kneibel testified by deposition that he ordered barbecued spareribs. He did not know whether the ribs were pork or beef. He did anticipate the presence of bones. He used a knife and fork to separate one rib from the rest. He said the meat was well cooked and the rib bones slipped out easily.

Early in the meal, as Kneibel was chewing, he heard and felt a "crack" in his mouth. He reflexively swallowed everything in his mouth. An item that could have caused the "crack" in his mouth was never recovered. Kneibel had noticed nothing unusual about the piece of meat that he had cut off and was chewing; he thought he had cut the meat away from the bone. Intense pain nauseated Kneibel, and he and his wife went home. Kneibel met an emergency dentist at 10:00 p.m. and was in the dentist's office until midnight. After leaving the dentist, Kneibel returned to McDuff's and informed the manager of his injury. Three days later, the manager told Kneibel that the restaurant would not accept responsibility.

Kneibel eventually learned that his tooth was cracked all the way to the jaw, and had to be removed and replaced with a bridge. Kneibel testified that the dentist told him that the tooth was otherwise healthy. In discovery responses, Kneibel indicated that the lost tooth is now causing other teeth to move and affect his general dental health.

Richard A. Enga, Matthew Frank, Taylor Law Firm, P.A., Minneapolis, for appellant.

Leonard J. Schweich, Jardine, Logan & O'Brien, St. Paul, for RRM Enterprises, d/b/a McDuff's Restaurant.

Thomas E. Marshall, Mackall, Crounse & Moore, Minneapolis, for Monfort Packing Division, a Division of Monfort, Inc.

Meredith M. McQuaid, Michael T. Nilan, Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for American Meat Packing Co.

Kneibel brought a negligence suit against McDuff's and later amended his complaint to add respondent J.P. Food Service, Inc., d/b/a Monarch Minnesota, as a defendant. J.P. Food served a third-party complaint on respondent Monfort Packing Division, a Division of Monfort, Inc. Monfort counter-claimed against J.P. Food. J.P. Food then served an amended complaint adding respondent American Meat Packing Co. as a third-party defendant. American Meat Packing cross-claimed against McDuff's, J.P. Food and Monfort.

In November 1992, the district court heard motions for summary judgment brought by McDuff's, J.P. Food, Monfort and American Meat Packing. At the hearing, Kneibel agreed with J.P. Food that J.P. Food should be dismissed from the lawsuit pursuant to Minn.Stat. § 544.41 (1992).[1] McDuff's stipulated to the dismissal of J.P. Food once McDuff's had an opportunity to assert its own claims against Monfort and American Meat Packing. McDuff's served its cross-claims against Monfort and American Meat Packing three days after the summary judgment hearing.

On February 3, 1993, the district court entered summary judgment dismissing Kneibel's complaint and J.P. Food's third-party complaint. Kneibel filed a notice of appeal on April 21, 1993. On May 7, 1993, on motion of Kneibel, this court dismissed the portion of Kneibel's appeal relating to J.P. Food.

## ISSUE

Did the district court err in ruling that Kneibel's defective food product claim is speculative?

## ANALYSIS

■ 1. Appellate review of summary judgment consists of a review of the record in which it is asked whether any genuine issues of material fact must be determined and whether the district court erroneously applied the law. *Niccum v. Hydra Tool Corp.*, 438 N.W.2d 96, 98 (Minn.1989). The burden of proof is on the party moving for

summary judgment and the appellate court looks at "the evidence in the light most favorable to the party against whom the motion was granted." *Id.*

Although apparently never discussed in any Minnesota appellate cases, other jurisdictions have developed two theories of analysis for cases such as this. The first, and earliest, is the so-called foreign-natural test. The more recent approach employs the so-called reasonable expectations test. *See generally,* Jane Massey Draper, Annotation, *Liability for Injury or Death Allegedly Caused by Food Product Containing Object Related to, but not Intended to be Present in, Product,* 2 A.L.R. 5th 189 (1992).

The foreign-natural test draws

a distinction between injury caused by spoiled, impure, or contaminated food or food containing a foreign substance, and injury caused by a substance natural to the product sold. In the latter class of cases [it is held] that there is no liability on the part of the dispenser of the food.

*Hunt v. Ferguson–Paulus Enters.*, 243 Or. 546, 415 P.2d 13, 14 (1966). The reasonable expectation test is

what is reasonably expected by the consumer in the food as served, not what might be natural to the ingredients of that food prior to preparation. What is to be reasonably expected by the consumer is a jury question in most cases; at least, [it cannot be said] as a matter of law that a patron of a restaurant must expect a bone in a chicken sandwich either because chicken bones are occasionally found there or are natural to chicken.

*Betehia v. Cape Cod Corp.*, 10 Wis.2d 323, 103 N.W.2d 64, 69 (1960), *quoted in Hunt,* 415 P.2d at 14–15.

■ We do not agree with Kneibel that the district court improperly employed the foreign-natural test. Rather, the district court properly dismissed Kneibel's claims because Kneibel could not develop a case under either test.

Kneibel argues that in jurisdictions employing the foreign-natural test, the focus is

1. Minn.Stat. § 544.41 limits the liability of non-manufacturers in products liability cases.

on the identity of the harmful object. He maintains that under the reasonable expectation test, the harmful object need not be identified. Kneibel contends that there is a genuine issue of material fact whether a person eating ribs in the manner in which he ate the ribs at McDuff's could reasonably expect not to chew on an object that would break his tooth. We disagree.

When, as here, the reasonable expectation test is employed in a negligence action,
> the test is related to the foreseeability of harm on the part of the defendant. He is not an insurer but has the duty of ordinary care to eliminate or remove in the preparation of the food he serves such harmful bones as the consumer of the food, as served, would not ordinarily anticipate and guard against.

*Betehia,* 103 N.W.2d at 69. In the absence of evidence identifying the harmful object, there is no way to determine whether McDuff's breached its duty of care. *See, e.g., Wieland v. C.A. Swanson & Sons,* 223 F.2d 26, 27 (2d Cir.1955) (unnecessary to decide whether processor liable for injury caused by splintered bone because no evidence of splintered bone); *Brown v. Cunningham,* 357 S.W.2d 36, 36–37 (Ky.1962) (unnecessary to decide whether plaintiff could recover for injury caused by fish bone because no evidence choking caused by either fish bone or foreign substance); *Riviere v. J.C. Penney Co.,* 478 So.2d 965, 966–67 (La.Ct.App.1985) (where plaintiff broke tooth while eating hamburger with bacon, strict liability unavailable without evidence of foreign substance and defendant's negligence not in issue without evidence of "natural deleterious substance").

Kneibel's reliance on "exploding bottle" cases is also misplaced. *See, e.g., Lee v. Crookston Coca–Cola Bottling Co.,* 290 Minn. 321, 322, 188 N.W.2d 426, 434 (1971) (even absent evidence of mishandling, explosion of bottle may be circumstantial evidence product was defective when it left the defendant's control). Although a bottle that explodes is clearly defective, it cannot be said that an order of spare ribs is clearly defective because an unidentified hard object causes harm.

**DECISION**

The district court did not err in dismissing this lawsuit because Kneibel did not present evidence showing either the presence of a foreign object or that the food provider breached a duty of care.

**Affirmed.**